IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HALEY PAINT COMPANY, *et al.* *

Plaintiffs *

v. * Civil Action No.: RDB-10-0318

E.I. Dupont De Nemours and Co., *et al.* *

Defendants *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

On April 12, 2010, Plaintiffs Haley Paint Company and Isaac Industries, Inc. ("Plaintiffs"), filed a Consolidated Amended Complaint and initiated this class action lawsuit against Defendants E.I. Dupont De Nemours and Co. ("Dupont"), Huntsman International LLC ("Huntsman"), Kronos Worldwide Inc. ("Kronos"), Millennium Inorganic Chemicals, Inc. ("Millennium"), and The National Titanium Dioxide Company Ltd. d/b/a Cristal ("Cristal") alleging a conspiracy to fix the price of titanium dioxide in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs have filed this action on behalf of themselves and on behalf of a class consisting of all persons and entities who purchased titanium dioxide in the United States directly from one or more Defendants. Presently pending before this Court is Defendant Cristal's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint (ECF No. 86).[1] Cristal has moved to dismiss on the ground that it has not been properly served, and for lack of personal jurisdiction. This Court has reviewed the parties' submissions and held

[1] This Court recently denied the other Defendants' joint Motion to Dismiss. *See* Mem. Op., March 29, 2011, ECF Nos. 101 and 102. As such, this Opinion concerns only Defendant Cristal.

a hearing on March 23, 2011 pursuant to Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Cristal's Motion to Dismiss (ECF No. 86) is GRANTED.

## I. Background

The background facts of this case have been fully set forth in this Court's previous Memorandum Opinion entered on March 29, 2011, and will not be reiterated here. *See* Mem. Op., March 29, 2011, ECF No. 101. Only those facts and allegations relevant to the issues to be discussed in this Opinion—namely, facts relating to service of process and personal jurisdiction over Cristal—will be discussed herein.

Cristal is a foreign corporation domiciled in the Kingdom of Saudi Arabia. Millennium is a Delaware corporation with its principal place of business in Maryland. Millennium manufactures titanium dioxide, and markets and sells titanium dioxide products to its customers. In 2004, the Lyondell Chemical Company purchased Millennium as a going concern. In 2007, Cristal purchased Millennium from Lyondell pursuant to an asset purchase agreement.[2] As a result, Millennium is a subsidiary of Cristal. According to Cristal, Millennium is an indirect subsidiary of Cristal, and is a separate corporate entity with its own articles of incorporation and bylaws. *See* Hall Decl., ECF No. 86-3. Millennium maintains its own corporate records, bank accounts, payroll, and assets, including its manufacturing plants, separate from Cristal. *Id.* Millennium is responsible for its own debts and expenses, and files its own taxes. *Id.* Millennium exercises supervisory authority over its own day-to-day operations, and is responsible for the marketing and sale of its titanium dioxide products. *Id.* Millennium is not authorized to accept service of process on behalf of its parent, Cristal. *Id.* In sum, Cristal contends that Millennium is not an agent or alter ego of Cristal.

[2] In 2009, Lyondell filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

In contrast, Plaintiffs contend that Millennium is the agent or alter ego of Defendant Cristal, and in large part, base their service of process and personal jurisdiction arguments on that theory. The factual allegations contained in Plaintiffs' Consolidated Amended Complaint ("CAC") (ECF No. 51) are much more detailed with respect to the named Defendants other than Cristal. In fact, all of Plaintiffs' allegations against Defendant Cristal are contained in two paragraphs of their complaint.[3] For the sake of thoroughness, those paragraphs are reproduced below:

> 13. Defendant The National Titanium Dioxide Company Limited (doing business as "Cristal") is a Saudi Arabian corporation with its principal place of business in Jeddah within the Kingdom of Saudi Arabia. During the Class Period, Cristal manufactured and sold Titanium Dioxide to purchasers in the United States and elsewhere, directly or through predecessors, affiliates, and/or subsidiaries, including defendant Millennium.
>
> 14. At all relevant times, Millennium has acted as the U.S. agent and alter ego for Cristal. Cristal has exerted considerable control over the activities and operations of Millennium such that the two entities are essentially one. Facts demonstrating the substantial control that Cristal has exercised over Millennium include, but are not limited to: (1) Cristal's direct and controlling ownership interest in Millennium, (2) Millennium's role as the primary U.S. importer and distributor of Cristal's products, (3) Cristal's exercise of control over Millennium's marketing, purchasing, pricing, management, and/or operating policies, (4) Cristal's role in approving Millennium's significant business decisions, and (5) the overlapping functions and operations of Cristal and Millennium. Cristal knew, or should have known, that its conduct through Millennium in Maryland would have an impact in the United States. According to Cristal's website, Cristal and Millennium share the same Maryland operational headquarters, commercial offices, research center, and plant, as well as two shared plants in Ohio. *See* ttp://www.cristalglobal.com/AboutUs.aspx?page=SiteLocations (last visited Apr. 5, 2010). Based on this relationship, Cristal could not do business in the United States absent its wholly owned subsidiary Millennium.

CAC ¶¶ 13-14, ECF No. 51.

---

[3] Plaintiffs' complaint briefly references Cristal in three other paragraphs. *See* CAC ¶¶ 12, 16, 50, ECF No. 51.

Faced with the above contradiction in theories, this Court held a hearing on March 23, 2011 to resolve the factual dispute surrounding the exercise of this Court's personal jurisdiction over Defendant Cristal. Prior to the hearing, and in their Opposition to Cristal's motion to dismiss, Plaintiffs produced a significant amount of what they term "additional evidence" to support their claims that Millennium is the agent or alter ego of Cristal. *See* Pls.' Opp'n at 3-10 and exhibits, ECF Nos. 88 and 89. After reviewing Plaintiffs' "additional evidence" and hearing the parties' arguments, this Court concludes that Plaintiffs have, intentionally or not, blurred the line between Cristal and another entity that is not a defendant in this litigation. In arguing that Millennium is the agent or alter ego of Cristal, Plaintiffs point to numerous public statements made by "Cristal Global" with regard to its integration and control over Millennium. "Cristal Global" is not the Defendant Cristal; rather, Cristal Global is a corporate umbrella moniker for Cristal and all of its related businesses, and is not itself a corporate entity. *See* Hall Suppl. Decl., ECF No. 94-1. Essentially, Cristal Global is the marketing arm by which all Cristal entities communicate with the public.

In support of its Motion to Dismiss, Cristal makes two arguments. First, Cristal argues that Plaintiffs have failed to properly serve process on Cristal. Cristal argues that Plaintiffs have failed to serve Cristal directly, and that Millennium is not an agent of Cristal and therefore cannot accept service on Cristal's behalf. Second, Cristal argues that Plaintiffs have failed to allege sufficient facts for this Court to assert personal jurisdiction over Cristal.

## II. Analysis

### A. Insufficient Service of Process

Plaintiffs have made numerous and varied attempts at effectuating service of process on Defendant Cristal both in the United States and in Saudi Arabia. *See* ECF Nos. 9, 11, 55, 63, 75, 77, and 78. Two attempts are of particular importance—Plaintiffs' attempted service of Cristal in Saudi Arabia by mail, and their attempted service of Cristal in the United States via Millennium.

Under Rule 4(h)(2) of the Federal Rules of Civil Procedure, a foreign corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) delineates five methods by which a foreign corporation may be served.[4] Of those five methods, Plaintiffs contend that that service by mail is the only practical service method for Saudi Arabian corporations. *See* Pls.' Opp'n at 12, ECF No. 88. Specifically, Rule 4(f)(2)(C)(ii) allows for service of a foreign corporation by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." On April 2, 2010, Plaintiffs attempted service of Cristal by mail in Saudi Arabia. As of March 23, 2011, the date this Court conducted a hearing in this matter, Plaintiffs had not received a signed receipt acknowledging that Cristal has been served via mail. Plaintiffs nevertheless contend that, as evidenced by Cristal's involvement in this lawsuit and its filing of the pending motion to dismiss, it has received actual or constructive notice via Plaintiffs attempted service by mail.

---

[4] Under Rule 4, foreign corporations may be served: (1) by any internationally agreed means of service that is reasonably calculated to give notice, Rule 4(f)(1); (2) in the manner prescribed by foreign law for actions in that country's courts, Rule 4(f)(2)(A); (3) pursuant to a letter rogatory, Rule 4(f)(2)(B); (4) by mail that requires a signed receipt, unless prohibited by the foreign country's law, Rule 4(f)(2)(C)(ii); or (5) by any other means not prohibited by international agreement and pursuant to a court order, Rule 4(f)(3).

Alternatively, Plaintiffs contend that they have properly served Cristal in the United States through its agent or alter ego, Millennium under Rule 4(h)(1). As previously mentioned, Millennium is not authorized to accept service of process on behalf of its parent, Cristal. Because "it is generally the case that the contacts of a subsidiary cannot impute jurisdiction to its parent entity," *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005), this Court has previously recognized that the test for determining whether a subsidiary is an agent of the parent revolves around determining whether the corporate veil between the two entities should be pierced. *See Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 722-23 (D. Md. 2000) ("in Maryland, the determination of agency and [the] test for piercing the corporate veil are essentially the same"); *see also Glass v. Volkswagen of Am., Inc.*, 172 F. Supp. 2d 743, 743 (D. Md. 2001).

Because this Court concludes that it cannot exercise personal jurisdiction over Cristal on the basis of its relationship with its subsidiary Millennium, *see infra* Part II.B., this Court must necessarily conclude that piercing the corporate veil for service of process purposes is also not warranted. *See Glass*, 172 F. Supp. 2d at 743 (applying Maryland's agency test for piercing the corporate veil in a personal jurisdiction matter to an insufficient service of process motion).

The question remains, however, as to whether Plaintiffs have effectuated service of Cristal through direct mail to its headquarters in Saudi Arabia. As previously noted, Plaintiffs essentially complied with Rule 4(f)(2)(C)(ii) which prescribes service via mail to foreign corporations. In addition, it appears as though Cristal, despite not returning a signed receipt to Plaintiffs, has received actual or constructive notice of this lawsuit. However, because this Court concludes that it may not exercise personal jurisdiction over Cristal, it is not necessary to definitively answer that question. *See Estate of Thomson v. Toyota Motor Corp.*, No. JFM-08-

2467, 2009 WL 1686498, at *1 n.4 (D. Md. June 12, 2009). For the purposes of this Opinion, this Court assumes, but does not hold, that Plaintiffs have effected service of process over Cristal under Rule 4(f)(2)(C)(ii). Therefore, assuming arguendo that service was proper, this Court will now consider whether it may exercise personal jurisdiction over Defendant Cristal.

**B. Personal Jurisdiction over Defendant Cristal**

Cristal contends that personal jurisdiction is lacking in this case because Plaintiffs have failed to carry their burden in presenting facts sufficient to establish this Court's jurisdiction over Cristal. When a non-resident defendant challenges a court's personal jurisdiction under Rule 12(b)(2), the judge decides the jurisdictional question, and the plaintiff has the burden of proving grounds for jurisdiction by a preponderance of the evidence. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)).

Before a court can exercise personal jurisdiction over a non-resident defendant, a court must determine that (1) the exercise of jurisdiction is authorized under the state's long-arm statute pursuant to Federal Rule of Civil Procedure 4(k)(1)(a), and (2) the exercise of jurisdiction conforms to the Fourteenth Amendment's due process requirements. *Carefirst*, 334 F.3d at 396; *see also Christian Sci. Bd. Of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Although Maryland courts "have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set out by the Due Process Clause of the Constitution," *Carefirst*, 334 F.3d at 396, the long-arm statute must still be examined as part of the two-step personal jurisdiction analysis. *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006) (explaining that although the "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process . . . [it does not] mean . . . that it is now

permissible to dispense with analysis under the long-arm statute"); *see also* MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b) (Maryland long-arm statute). Therefore, to satisfy the long-arm prong of a personal jurisdiction analysis, a plaintiff must specifically identify a provision in a Maryland statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001). Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss. *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 704 n. 1 (D. Md. 2004).

While Plaintiffs cite no statutory provision authorizing jurisdiction over Cristal under the Maryland long-arm statute in their complaint, in their opposition to Cristal's motion to dismiss they rely on Section 6-103(b)(1), which extends personal jurisdiction to any "person, who directly or *by an agent* . . . [t]ransacts any business . . . in the State." MD. CODE ANN., CTS. & JUD. PROC. § 6-103(b)(1) (emphasis added). Under the second prong of the personal jurisdiction analysis, this Court must determine whether the exercise of personal jurisdiction would comport with the due process requirements of the Fourteenth Amendment. For a non-resident defendant, "due process requires only that . . . a defendant . . . have certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A determination of what qualifies as "minimum contacts" depends on the number and relationship of a defendant's contacts to the forum state and whether a defendant's alleged act or omission is related to the present cause of action. The Fourth Circuit "has made it clear that due process requires that a defendant's contacts with the forum state be

tantamount to physical presence there." *Ritz Camera Center, Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997) (citation omitted).

Here, Plaintiffs attempt to impute to Cristal the jurisdictional contacts of its subsidiary Millennium. In Maryland, the "agency" test is used in analyzing whether or not to pierce the corporate veil for personal jurisdiction purposes. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993). In undertaking this analysis, this Court is mindful that "Maryland generally is more restrictive than other jurisdictions in allowing a plaintiff to pierce the corporate veil." *Rheumatology Nurses Soc'y, Inc. v. Phoenix Grp. Holdings, LLC*, No. CCB-08-1675, 2009 WL 249233, at *3 (D. Md. Jan. 8, 2009) (citing *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 728 A.2d 783, 790-91 (Md. 1999)). The Maryland agency test allows a court to attribute the actions or contacts of a subsidiary corporation to the foreign parent corporation "only if the parent exerts considerable control over the activities of the subsidiary." *Mylan*, 2 F.3d at 61. Factors central to this determination include (1) "whether significant decisions of the subsidiary must be approved by the parent"; (2) "whether the parent and the subsidiary maintain separate books and records, employ separate accounting procedures, and hold separate directors' meetings"; and (3) "the level of interdependence between parent and subsidiary." *Id.* This Court must also look to "the level of independence between parent and subsidiary," and whether the subsidiary has "some independent reason for its existence, other than being under the complete domination and control of another legal entity simply for the purpose of doing its bidding." *Id.* (internal quotation marks and citation omitted).

As previously mentioned, the bulk of Plaintiffs' allegations against Cristal are contained in two paragraphs in their complaint. *See supra* Part I. Plaintiffs allege that "Cristal has exerted considerable control over the activities and operations of Millennium such that the two entities

are essentially one." CAC ¶ 13. In support of this allegation, Plaintiffs list numerous "facts" that, in reality, are not facts, but conclusory assertions. Plaintiffs state:

> Facts demonstrating the substantial control that Cristal has exercised over Millennium include, but are not limited to: (1) Cristal's direct and controlling ownership interest in Millennium, (2) Millennium's role as the primary U.S. importer and distributor of Cristal's products, (3) Cristal's exercise of control over Millennium's marketing, purchasing, pricing, management, and/or operating policies, (4) Cristal's role in approving Millennium's significant business decisions, and (5) the overlapping functions and operations of Cristal and Millennium.

CAC ¶ 14.

Defendant contends that these allegations are insufficient to establish personal jurisdiction over Cristal because (1) they fail to meet the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), that currently govern complaints, and (2) they are insufficient on their face to warrant piercing the corporate veil between Millennium and Cristal. Plaintiffs contend that the *Twombly* plausibility standard only applies to complaints, and does not affect the pleading standard for invoking jurisdiction. Moreover, Plaintiffs argue that they have pled facts sufficiently alleging personal jurisdiction over Cristal regardless of whether this Court applies the *Twombly* and *Iqbal* pleading standards.

***1. Pleading Requirements for Jurisdiction***

In *Twombly*, the Supreme Court held that to withstand a motion to dismiss, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." 550 U.S. at 570. Under the plausibility standard, while a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. In other words, the legal framework of the complaint

must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.*

In *Iqbal*, the Court expanded upon *Twombly* by prescribing the analytical approach to be followed in any Rule 12(b)(6) test to the sufficiency of a complaint. First, reviewing courts are instructed to identify and segregate out the legal conclusions in the complaint, which, unlike the factual allegations, are "not entitled to the assumption of truth." 129 S. Ct. at 1950. Second, a court must determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1951. The Court advised that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." It was noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Supreme Court's decisions in *Twombly* and *Iqbal* did not specifically address the pleading requirements for jurisdiction, and the issue has not been resolved by the Fourth Circuit. However, this issue of first impression, has, at least implicitly been addressed by other courts. For example, in *Palnik v. Westlake Entertainment, Inc.*, 344 Fed. App'x 249 (6th Cir. 2009), the United States Court of Appeals for the Sixth Circuit affirmed a district court's dismissal on 12(b)(2) personal jurisdiction grounds and specifically noted that when "a court decides a motion to dismiss for lack of personal jurisdiction . . . the complaint must have established with reasonable particularity those specific facts that support jurisdiction." *Id.* at 251 (citing *Twombly*, 550 U.S. at 567). In *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008), the United States Court of Appeals for the Tenth Circuit held that in reviewing a district court's dismissal for lack of personal jurisdiction, it must take as true "all well-pled

(that is, plausible, non-conclusory, and non-speculative, *see* [*Twombly,* 550 U.S. at 554]) facts alleged in plaintiffs' complaint." *Id.* at 1070. The United States District Court for the Eastern District of New York, has, albeit without citing to *Twombly* or *Iqbal*, essentially applied those standards in holding that on a motion to dismiss for lack of personal jurisdiction "the court is not bound by conclusory statements, without supporting facts." *Schmidt v. Martec Indus. Corp.*, No. 07-5020, 2009 WL 2883071, at *2 (E.D.N.Y. Sept. 03, 2009).

It does not appear as though those courts were specifically asked to determine whether *Twombly* and *Iqbal* apply to the pleading of jurisdictional facts—those courts merely applied the pleading standards to the jurisdictional allegations in the complaint as opposed to the factual allegations. That approach is logical because similar language is used in Rule 8 to describe the requirements for pleading both claims in a complaint and the grounds for jurisdiction. *Compare* Rule 8(a)(2) (requiring a pleader stating a claim for relief to provide "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Rule 8(a)(1) (requiring a pleader stating a claim for relief to provide "a short and plain statement of the grounds for the court's jurisdiction"). Indeed, it would be highly incongruous to require separate pleading standards for two subsections of the same rule.[5] Moreover, the factual nature of the claims surrounding the grounds for jurisdiction are, more often than not, intertwined with the factual allegations showing that the pleader is entitled to relief. As such, this Court concludes that the pleading standards articulated in *Twombly* and *Iqbal* apply to Rule 8(a)(1) which requires "a short and plain statement of the grounds for the court's jurisdiction."

[5] This Court notes that it previously held that *Twombly* and *Iqbal* apply to the pleading standard for affirmative defenses, another subsection of Federal Rule of Civil Procedure 8. *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535-37 (D. Md. 2010).

***2. Application of* Twombly *and* Iqbal *to Plaintiffs' Complaint***

When Plaintiffs' allegations regarding Cristal's considerable control over Millennium are viewed through the lens of *Twombly* and *Iqbal*, it is clear that they are not sufficient for this Court to exercise personal jurisdiction over Cristal. Aside from making broad assertions regarding Cristal's "control over Millennium's marketing, purchasing, pricing, management, and/or operating policies," and Cristal's "role in approving Millennium's significant business decisions, Plaintiffs provide no facts whatsoever in support of these claims. Under *Twombly* and *Iqbal*, Plaintiffs' conclusory allegations are not entitled to the presumption of truth. *See Iqbal*, 129 S. Ct. at 1951; *Twombly*, 550 U.S. at 557. With no facts supporting their conclusory allegations, this Court cannot conclude, under the Maryland agency test, that Millennium was the agent or alter ego of Cristal.

Aside from the bare allegations contained in their complaint, Plaintiffs have provided this Court with "additional evidence" that they argue supports their position. However, as previously mentioned, Plaintiffs conflate Cristal with "Cristal Global" who is not a party to this litigation, and is not even a corporate entity. Moreover, it should be noted that much of the "additional evidence" provided by Plaintiffs is essentially corporate puffery regarding the synergies present between Cristal Global's many members. The statements relied on by Plaintiffs are typical of corporate newsletters and investor communications and are of little or no use to this Court in determining whether the corporate veil between Millennium and Cristal should be pierced. In short, the legal framework of Plaintiffs' complaint is not supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

***3. Plaintiffs' Allegations Fail to Support an Agency or Alter Ego Relationship Between Millennium and Cristal***

Disregarding the *Twombly* and *Iqbal* pleading standards, Cristal also argues that Plaintiffs' allegations are insufficient on their face to form a basis for personal jurisdiction. In light of Maryland's restrictive standard in allowing a plaintiff to pierce the corporate veil, this Court may only attribute a subsidiary's actions to the parent corporation "if the parent exerts considerable control over the activities of the subsidiary." *Mylan*, 2 F.3d at 61. Plaintiffs have the burden to prove that Cristal exerts considerable control over Millennium, and they have not made a sufficient showing. In *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717 (D. Md. 2000), this Court refused to pierce the veil between a parent and subsidiary even when the subsidiary stated in Securities and Exchange Commission filing that its parent corporation "will control our management and affairs . . . ," and where there was evidence that the two companies filed consolidated financial statements and tax returns, and where the parent had the power to appoint a majority of the board of directors. *Id.* at 723. This Court held that "[t]hese allegations are insufficient to warrant piercing the corporate veil when [the subsidiary] exists as a separate corporate entity, maintains its own financial records, has a separate purpose, and when there has been no allegation that it exists solely as a sham corporation. . . . Further, the fact that [parent] will control certain decisions and even must approve changes does not mean the two companies operate as one." *Id.* Here, aside from Plaintiffs' broad allegations, there is simply no evidence to warrant piercing the corporate veil in this case.

***4. Section Twelve of the Clayton Act Does Not Provide an Alternative Ground for Personal Jurisdiction over Cristal***

Plaintiffs assert that paragraph 13 of their complaint, which alleges that "Cristal manufactured and sold Titanium Dioxide to purchasers in the United States," provides sufficient basis for this Court to exercise personal jurisdiction under Section 12 of the Clayton Act, 15 U.S.C. § 22. Section 12 of the Clayton Act allows for easier assertion of venue and service of process for antitrust plaintiffs against corporate defendants, and provides:

> Any suit, action, or proceeding against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. Although Section 12 of the Clayton Act provides for easier assertion of venue, service of process is a sufficient ground for exercising personal jurisdiction over a foreign defendant only if finding personal jurisdiction would be consistent with due process. *See In re Polyester Staple Antitrust Litig.*, No. 3:03CV1516, 2008 WL 906331, at *8, (W.D.N.C. April 1, 2008). As previously mentioned, due process requires that a defendant have certain minimum contacts with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Fourth Circuit has clarified that "due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." *Ritz Camera Center, Inc. v. Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 353 (D. Md. 1997) (citation omitted). Here, aside from stating that Cristal manufactured and sold titanium dioxide in the United States, Plaintiffs have failed to allege any facts to adduce whether Cristal has any contacts, let alone minimum ones. The only contacts Cristal has are those of its subsidiary, Millennium. As this Court has already concluded, Plaintiffs may not impute to Cristal the jurisdictional contacts of Millennium. Therefore, Section 12 of the Clayton Act does not provide Plaintiffs an alternative ground for jurisdiction.

***5. Jurisdictional Discovery is Not Warranted***

Finally, Plaintiffs contend that if they failed to establish this Court's personal jurisdiction over Cristal, they are entitled to a period of discovery on the issue of Cristal's control over Millennium. Jurisdictional discovery is not warranted when "the pleadings contain[] no specific facts that could establish the requisite contacts with Maryland." *Mylan*, 2 F.3d at 64. This Court has "broad discretion" in its resolution of discovery problems, *id.*, and concludes that jurisdictional discovery "cannot simply be a fishing expedition, and absent allegations . . . that would provide a basis for piercing the corporate veil, plaintiffs are not entitled to such discovery." *Glass*, 172 F. Supp. 2d at 744. Plaintiffs are not entitled to jurisdictional discovery in this matter.

## **CONCLUSION**

For the reasons stated above, Defendant The National Titanium Dioxide Company Limited (d/b/a/ Cristal)'s Motion to Dismiss (ECF No. 86) is GRANTED.

A separate Order follows.

Dated: March 31, 2011

/s/______________________________
Richard D. Bennett
United States District Judge