**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| IN RE TITANIUM DIOXIDE ANTITRUST LITIGATION | Master Docket No. 10-CV-00318 (RDB) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DEFENDANTS' JOINT BRIEF AND STATUS REPORT**
**ON DISCOVERY AND ESI ISSUES**

Defendants E.I. du Pont de Nemours & Co. ("DuPont"), Millennium Inorganic Chemicals Inc. ("Millennium"), Kronos Worldwide Inc. ("Kronos"), and Huntsman International LLC ("Huntsman") submit this brief requesting the Court order the parties to craft a case-specific ESI order to govern the discovery and production of Electronically Stored Information ("ESI").[1]

Bringing the Plaintiffs to the table to discuss specific, agreed protocols that will govern the discovery and production of ESI in this case has been surprisingly difficult. Believing both sides would prefer to quickly reach agreement and promptly begin discovery, Defendants drafted and shared with Plaintiffs a proposed ESI protocol addressing many of the key issues identified in this Court's Suggested Protocol for Discovery of Electronically Stored Information (the "Maryland Guidelines"). Plaintiffs, surprisingly, have rejected all attempts to discuss these key issues, insisting instead upon "adopt[ing] the Maryland Guidelines" as a protocol. But the

---

[1]      Defendants submit this brief and status report as described in their joint filing of June 30, 2011, ECF No. 153, and in compliance with their obligations under the Revised Scheduling Order, ECF No. 141.

Maryland Guidelines do not contain any specific "protocol" for the actual production of ESI to a requesting party, privilege review, or inadvertent disclosure of protected information. Rather, the Guidelines encourage parties to negotiate and reach agreement on those types of issues.

Plaintiffs have, thus far, refused to discuss any of the topics in Defendants' proposal, claiming they need to receive substantially more information regarding the details of each Defendant's IT infrastructure, ESI, and other issues. Defendants, by varying degree, have given Plaintiffs more than sufficient information about their respective ESI to permit a substantive negotiation on the key threshold issues addressed in Defendants' proposal.

## I. Procedural Posture of the Current ESI Order Dispute

The parties' discovery obligations will be markedly asymmetrical in this case. Plaintiffs' first discovery requests seek a broad range of documents and ESI from Defendants between January 1, 1999, and December 31, 2010. Defendants are large corporations with substantial operations related to the sale of titanium dioxide. Plaintiffs, by contrast, are smaller concerns with a smaller universe of relevant transactions and documents. It is no surprise that Defendants are far more interested in obtaining certainty about their discovery obligations than Plaintiffs.

To clarify those obligations, two months ago, Defendants proposed an ESI order addressing key issues likely to arise during discovery in this action (the "Proposed ESI Order").[2] The Proposed ESI Order sought to accomplish four overall objectives: (1) address certain preliminary issues related to "key persons" and search terms; (2) establish standards for the production of ESI, including Meta-Data; (3) outline the process for privilege review and production of privilege logs; and (4) incorporate the provisions of a previously proposed

---

[2]     See Proposed ESI Order, Ex. A. Contemporaneously, Millennium, which advised Plaintiffs that it intended to produce ESI as kept in the ordinary course of business (i.e., native format), sent Plaintiffs a proposal governing the logistics of that production, as a supplement to the joint proposed ESI order. Plaintiffs have agreed in principle to Millennium's proposal and the parties will continue to negotiate the particulars of that proposal.

protective order concerning confidentiality and inadvertent disclosure under FRE 502.   The intent of the proposed ESI order is simple.  Since incremental, seemingly insignificant changes to discovery protocols (e.g., search terms, production format) could have a dramatic impact on Defendants' ability to produce ESI in this case expediently and cost-effectively, Defendants proposed a discovery protocol to cement the parties' production obligations.

Early agreement on these subjects, among others, is explicitly encouraged by the Federal Rules and other electronic discovery resources.[3]  The Maryland Guidelines also identify these topics as areas for early discussion and agreement among the parties if possible, but the Guidelines themselves do not contain any specific "protocol" with respect to the production of ESI to a requesting party, privilege review, or inadvertent disclosure of protected information.[4]

Defendants' proposal addresses other topics that the Maryland Guidelines identify for discussion, such as identification of "key persons" or custodians from whom ESI should be collected.[5]  In fact, the Proposed ESI Order calls for the exchange of information like "name, title and job responsibility" to facilitate agreement on document custodians.

Three days after receipt of this Proposed ESI Order – with no substantive comment and no discussion – Plaintiffs rejected the proposal and expressed a desire to adopt the Maryland Guidelines instead.  When Defendants explained that the Maryland Guidelines are "guidelines" that actually recommend parties discuss exactly the topics addressed in the Proposed ESI Order and requested that Plaintiffs identify the specific areas of disagreement, Plaintiffs did not

---

[3]        See Fed. R. Civ. P. 26(f)(3); Advisory Committee Notes to Fed. R. Civ. P. 26 ¶ 21 ("[T]he parties may be able to reach agreement on the forms of production, making discovery more efficient"); see also The Sedona Principles (Second Ed.): Best Practices Recommendations & Principles for Addressing Electronic Document Production (June 2007), at pp. 21-24, available at http://www.thesedonaconference.org/.

[4]        See Maryland Guidelines ¶ 8(A)(1), (B), (D), (K), (N).

[5]        See Maryland Guidelines ¶ 8(H).

respond.  Further attempts, including another written request on June 22 for a dialogue on the topics in the Proposed ESI Order, have gone unanswered.

## II.      Plaintiffs' Refusal To Negotiate Frustrates the Purpose of the Maryland Guidelines

Defendants' repeated attempts to have meaningful discussions about the subjects in their Proposed ESI Order have been uniformly ignored or rejected.  Plaintiffs only response has been to repeatedly state a desire to apply the Maryland Guidelines, seemingly unaware that the Guidelines recommend the parties discuss and agree on precisely these subjects.  Plaintiffs claim they are unable to discuss production standards, claw-back agreements, formats for production of Meta-Data, production of native files, and similar issues until they receive "sufficient" information from Defendants.  This, of course, is a non-sequitur.  Defendants and Plaintiffs have begun, but not completed, the iterative process that is disclosure and discussion of electronic information systems and other discoverable information.   But none of these discussions necessarily impact Plaintiffs' ability to agree on topics like production format for ESI and Meta-Data, search terms, privilege issues, and protective orders—all of which are subjects the Maryland Guidelines instruct parties to discuss and agree upon.[6]  It is still unclear why Plaintiffs will not engage in meaningful discussions about these important, threshold discovery matters.

## III.     Defendants Have Provided Plaintiffs With Sufficient Information
## To Discuss an Agreed ESI Order

The Maryland Guidelines are "not intended to be an inflexible checklist."  Nevertheless, Defendants have provided Plaintiffs with sufficient collective information from that checklist to work with Defendants to craft an ESI Order tailored to the specific issues in this lawsuit.

Each Defendant has provided substantial information to Plaintiffs.  Each Defendant has

---

[6]        See Maryland Guidelines ¶ 8(A)(1).

identified the process by which it instituted a preservation procedure for potentially discoverable information.  Each Defendant has entered into discussions with Plaintiffs about their IT systems, ESI, and sources of discoverable information.  In particular, Plaintiffs have requested prioritizing information about Defendants' transactional data.  Defendants have endeavored to disclose information about the transactional data they maintain, such as the type of database system(s) used to store transactional data and the date range(s) of the transactional data.

Each Defendant has also provided Plaintiffs with disclosures about their custodial data, including the types of email systems, database systems, and other shared sources, and Defendants have requested similar information from Plaintiffs.  Predictably, both sides identified issues requiring further investigation with their respective clients, and both sides continue those investigations.  This ongoing meet-and-confer process is precisely the continuing dialogue contemplated by the revised Federal Rules.  Discussions will continue, but Defendants' disclosures to date are more than sufficient to permit the parties to negotiate and agree upon an appropriately tailored ESI Order.

## IV.     Defendants' Proposal for ESI Discussions Under the Maryland Guidelines

Defendants request the Court assist the parties by setting a deadline for submission of an agreed proposal concerning:

- A form of protective order for the treatment of sensitive, confidential information during discovery; and

- An ESI order addressing (i) a process for agreeing on custodians and search terms, (ii) production format for the production of ESI and associated Meta-Data, (iii) treatment of privileged documents and any applicable clawback agreement, and (iv) the levels of confidentiality available under an applicable protective order.

Respectfully submitted,


Dated:  July 8, 2011                    CROWELL & MORING LLP


                                        By:_____/s/_____
                                             Shari Ross Lahlou

                                        Kent A. Gardiner (admitted *pro hac vice*)
                                        kgardiner@crowell.com
                                        Shari Ross Lahlou (16570)
                                        slahlou@crowell.com
                                        Ryan C. Tisch (admitted *pro hac vice*)
                                        rtisch@crowell.com
                                        CROWELL & MORING LLP
                                        1001 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004-2595
                                        Telephone: (202) 624-2500
                                        Facsimile: (202) 628-5116

                                        *Attorneys for Defendant*
                                        *E.I. du Pont de Nemours and Company*

Dated:  July 8, 2011                    HAYNES AND BOONE LLP


                                        By: /s/ Richard A. Ripley_____
                                             Richard A. Ripley

                                        Richard A. Ripley (27683)
                                        richard.ripley@haynesboone.com
                                        Christopher A. Rogers (admitted *pro hac vice*)
                                        HAYNES AND BOONE LLP
                                        1615 L Street, N.W., Suite 800
                                        Washington, D.C. 20036
                                        Telephone: (202) 654-4500
                                        Facsimile: (202) 654-4501

                                        *Attorneys for Defendant Millennium Inorganic*
                                        *Chemicals, Inc.*

Dated:  July 8, 2011                     VINSON & ELKINS LLP


                                         By:_____/s/_____
                                                James A. Reeder, Jr.

                                         James A. Reeder, Jr. (admitted *pro hac vice*)
                                         jreeder@velaw.com
                                         David T Harvin (admitted *pro hac vice*)
                                         dharvin@velaw.com
                                         VINSON & ELKINS LLP
                                         First City Tower
                                         1001 Fannin Street, Suite 2500
                                         Houston, TX 77002-6760
                                         Telephone: (713) 758-2222
                                         Facsimile: (713) 758-2346

                                         *Attorneys for Defendant Huntsman International LLC*


Dated:  July 8, 2011                     LOCKE, LORD, BISSELL & LIDDELL LLP


                                         By: :_____/s/_____
                                                Paul E. Coggins

                                         Paul E. Coggins
                                         pcoggins@lockelord.com
                                         Kiprian E. Mendrygal
                                         kmendrygal@lockelord.com
                                         Kelly R. Vickers
                                         kvickers@lockelord.com
                                         2200 Ross Avenue, Suite 2200
                                         Dallas, Texas 75201
                                         Telephone: (214) 740-8000
                                         Facsimile: (214) 740-8800

                                         *Attorneys for Defendant Kronos Worldwide Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served on the attorneys of record for all parties to the above cause in accordance with the Federal Rules of Civil Procedure on the 8th day of July, 2011.

/s/  Richard A. Ripley _____
Richard A. Ripley