IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HALEY PAINT COMPANY, *et al.*

      Plaintiffs,

      v.

E.I. DU PONT DE NEMOURS AND CO., *et al.*

      Defendants.

Civil Action No.: RDB-10-0318

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 12, 2010, Plaintiffs Haley Paint Company and Isaac Industries, Inc. ("Plaintiffs") filed a Consolidated Amended Complaint and initiated this class action lawsuit against Defendant E.I. Du Pont De Nemours and Co. ("Du Pont") and others, alleging a conspiracy to fix the price of titanium dioxide in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs have filed this action on behalf of themselves and on behalf of a class consisting of all persons and entities who purchased titanium dioxide in the United States directly from one or more Defendants. Presently pending before this Court is Plaintiffs' Motion for Partial Judgment on the Pleadings of Defendant Du Pont or, in the alternative, Motion to Strike Certain Affirmative Defenses. This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion to Strike Certain Affirmative Defenses (ECF No. 182) is GRANTED IN PART and DENIED IN PART. Specifically, it is granted with respect to Defendant Du Pont's laches

and waiver defenses and denied as to Du Pont's standing, failure to state a claim, and failure to plead fraudulent concealment defenses.

## PROCEDURAL HISTORY

The background facts of this case have been fully set forth in this Court's previous Memorandum Opinions entered on March 29, 2011, and March 31, 2011, and will not be reiterated here.  *See* ECF Nos. 101 & 103.

On May 27, 2011 Du Pont filed its answer to the Plaintiffs' Consolidated Amended Complaint, in which it asserted fifteen affirmative defenses.  *See* Answer, ECF No. 138.  On June 16, 2011, the Plaintiffs moved for partial judgment on the pleadings or, in the alternative, to strike affirmative defenses.  *See* ECF No. 146.  On June 27, 2011, the Plaintiffs filed a stipulation in which they consented to allow Du Pont (and other defendants) to amend its Answer with respect to the fifteen affirmative defenses.  By Order dated June 28, 2011, this Court approved of the stipulation, and allowed Du Pont to amend its Answer.  *See* Order, ECF No. 150.  Two days later, Du Pont filed its Amended Answer, in which it responded to the allegations in the Plaintiffs' Consolidated Amended Complaint and asserted five affirmative defenses.  *See* Amended Answer, ECF No. 156.  After requesting an extension of time to file a motion to strike affirmative defenses, the Plaintiffs met and conferred with Du Pont in an effort to further reduce the number of affirmative defenses asserted.  Du Pont apparently determined that its affirmative defenses were properly pled, and declined to withdraw any of those defenses.  *See* Def.'s Response at 4, ECF No. 188.

On July 29, 2011, the Plaintiffs filed the pending motion challenging the validity of the following four affirmative defenses contained in Du Pont's Amended Answer:

1. Plaintiffs fail to state a claim upon which relief can be granted. First, Plaintiffs' allegation that some of the defendants' price increase announcements were in some instances similar to one another only describes lawful parallel conduct; any similarities in pricing reflect reasoned, prudent, and unilateral decisions of the defendants in a competitive industry with relatively few manufacturers. Second, the defendants did not act in parallel, but rather announced price increases on different days with different effective dates. Third, Plaintiffs' allegations of "opportunities to collude" at trade events attended by some defendants fail to transform the defendants' legimitate [sic] conduct into a conspiracy, and are deficient in detailing the specific time, place, or persons involved in the alleged conspiracy. Plaintiffs fail to allege that the defendants attended the same trade industry events. Plaintiffs fail to allege that the defendants reached any illegal agreement at events they attended. And where they do place certain defendants at an industry event, plaintiffs fail to connect the defendants' price increase announcements with any agreement, understanding, or even discussion among the defendants. Fourth, the alleged structure and attributes of the titanium dioxide industry do not demonstrate collusion, but instead comport with unilateral behavior and lawful, parallel pricing.

2. Plaintiffs lack standing to bring these claims. Plaintiffs have not suffered any injury as a result of Du Pont's conduct, let alone an injury that the antitrust laws were intended to prevent; any "injury" from increased prices in the titanium dioxide industry resulted from competition and legitimate business conduct. Du Pont's conduct—from unilaterally announcing price increases to attending industry events—was proper and procompetitve.

4. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches and waiver. Central to plaintiffs' claims is the sequencing of trade association and industry meetings, some of which Plaintiffs allege Du Pont employees attended, and the defendants' price increase announcements. Plaintiffs knew, or had reason to know, the occurrence of these events as early as 2002, but inexplicably or inexcusably delayed in filing this action for almost eight years. As a result, Du Pont has been prejudiced in its ability to properly defend this action in that necessary witnesses may no longer be available, documents may no longer exist, and the damages for which Du Pont may be liable are increased due to the passage of time. In addition, in delaying [ ] bringing their claims for an unreasonable length of time, coupled with their knowledge of the facts giving rise to their claims, Plaintiffs acquiescenced [sic] to the defendants' conduct or otherwise relinquished their rights.

5. The Complaint fails to allege fraudulent concealment with sufficient specificity. Plaintiffs do not set forth the who, what, where, and when of the alleged fraud. Plaintiffs allege that the defendants secretly met to discuss

> prices, customers, and markets, and agreed at meetings and in conversations not to discuss publicly, or otherwise reveal, the nature and substance of the acts and communications in furtherance of their illegal scheme. But plaintiffs do not allege who met, who agreed to the alleged arrangement, and when or where those meetings and conversations occurred.

Amended Answer at 22-24, ECF No. 156. With respect to these affirmative defenses, the Plaintiffs seek an entry of judgment on the pleadings under Fed. R. Civ. P. 12(c), or in the alternative, they contend that the defenses should be stricken pursuant to Fed. R. Civ. P. 12(f). Specifically, the Plaintiffs argue that: (1) the affirmative defenses of failure to state a claim and failure to plead fraudulent concealment (defenses one and five) are improper negative defenses; (2) the affirmative defenses of laches and waiver (defense four) is an improper defense to a Sherman Act claim; and (3) the affirmative defense of standing (defense two) does not satisfy the United States Supreme Court's plausibility standard for pleadings under Fed. R. Civ. P. 8, as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## STANDARD OF REVIEW

Although Plaintiffs have moved under both Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure, this Court will treat the motion as one to strike Du Pont's affirmative defenses under Rule 12(f). A Rule 12(c) motion for judgment on the pleadings is more appropriately resolved where "all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 208 (3d ed. 2004). On the other hand, a Rule 12(f) motion to strike is more fitting for situations, such as the one at bar, where a plaintiff challenges only some of the defenses raised in a

4

defendant's pleading. *Id.* at § 1369, at 260 (noting that Rule 12(f) "serves as a pruning device to eliminate objectionable matter from an opponent's pleadings and, unlike the Rule 12(c) procedure, it is not directed at gaining a final judgment on the merits").

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." *Hanzlik v. Birach*, No. 09cv221 (JCC), 2009 WL 2147845, at *3 (E.D. Va. July 14, 2009) (citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D. N.C. 2000)). Thus, a defense may be excised if it does not meet the pleading requirements of Rules 8 and 9. *See McLemore v. Regions Bank*, No. 08-cv-021, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010).

This Court has held that affirmative defenses are subject to the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which requires that affirmative defenses be pled in such a way as to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ] defense." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010). While this pleading standard "does not require the assertion of all supporting evidentiary facts," it does require that, "[a]t a minimum, [ ] some statement of the ultimate facts underlying the defense . . . must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc.*, No. ELH-10-2091, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011) (citation omitted). Moreover, this Court enjoys

wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

Nevertheless, the Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'" *Palmer v. Oakland Farms, Inc.*, No. 10cv029, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W.Va. 1993)). Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend. *Banks v. Realty Mgmt. Serv.*, No. 10cv14 (JCC/TCB), 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010) (citing 5C WRIGHT & MILLER § 1381 (3d ed. 2004)).

**ANALYSIS**

In light of the foregoing principles, this Court turns now to the four affirmative defenses challenged by the Plaintiffs.

*a. Defense Two—Standing*

Viewing the standing defense in the light most favorable to Du Pont, this Court concludes that Du Pont has met its burden. Du Pont has not merely provided a bare recitation of the legal standard, but has pled sufficient facts so as to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ]

defense." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010). Moreover, in light of the Fourth Circuit's cautionary note that striking affirmative defenses under Rule 12(f) is a "drastic remedy," *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347, Du Pont's affirmative defense regarding the Plaintiffs' standing will not be stricken.

*b. Defense Four—Laches & Waiver*

Du Pont's affirmative defenses of laches and waiver are improper as a matter of law and will be stricken. In their Consolidated Amended Complaint, Plaintiffs seek to enjoin Defendants from continuing and maintaining the alleged price-fixing conspiracy. Consol. Amend. Compl. at 49, ECF No. 51. The judicially created doctrine of laches "may be applied by a court to bar a suit in equity that has been brought so long after the cause of action accrued that the court finds that bringing the action is unreasonable and unjust." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 798 (4th Cir. 2001). However, when a cause of action is "brought pursuant to a statute for which Congress has provided a limitations period, a court should not apply laches to overrule the legislature's judgment as to the appropriate time limit to apply for actions brought under the statute. Separation of powers principles thus preclude us from applying the judicially created doctrine of laches to bar a federal statutory claim that has been timely filed under an express statute of limitations." *Id.* Moreover, "if the claim is one for injunctive relief, laches would not apply. A prospective injunction is entered only on the basis of current, ongoing conduct that threatens future harm. Inherently, such conduct cannot be so remote in time as to justify the application of the doctrine of laches." *Id.* at 799.

7

Here, the Sherman Act explicitly provides for a four-year statute of limitations *See* 15 U.S.C. § 15b. The Plaintiffs have alleged an ongoing conspiracy, and to the extent the conspiracy continues, the Plaintiffs will seek to enjoin it. Therefore, "[l]aches within the term of the statute of limitations is no defense at law," *United States v. Mack*, 295 U.S. 480, 489 (1935), and the conduct that the Plaintiffs seek to enjoin does not justify the application of the doctrine of laches. *See Lyons*, 243 F.3d at 799. Accordingly, Du Pont's affirmative defense of laches is stricken with prejudice. With respect to Du Pont's defense of waiver, Plaintiffs aptly point out that Du Pont has presented no argument regarding waiver and it appears as though it has abandoned that affirmative defense. While the analysis regarding the defense of laches is generally applicable to the equitable defense of waiver, the waiver defense will be stricken without prejudice.

*c. Defenses One & Five—Failure to State a Claim and Failure to Plead Fraudulent Concealment*

Plaintiffs contend that failure to state a claim and failure to plead fraudulent concealment are not affirmative defenses and are duplicative of Du Pont's denials in its First Amended Answer. While Plaintiffs' argument is well taken, and it is true that failure to state a claim and failure to plead fraudulent concealment are not technically *affirmative* defenses insofar as they merely point out defects in the Plaintiffs' prima facie case, they are nonetheless *defenses*, and this Court will exercise its wide discretion and will not resort to the "drastic remedy," *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), of striking those portions of Du Pont's pleading. Other defendants in this case have asserted the same affirmative defenses, and Plaintiffs have, at least so far, declined to move this Court to strike those defenses. Because these issues will continue to be litigated, it will serve no

purpose to strike these defenses. Finally, the Plaintiffs have articulated no prejudice that would result from a denial of their motion. Accordingly, Du Pont's defenses of failure to state a claim and failure to plead fraudulent concealment will not be stricken.

## CONCLUSION

For the reasons stated above, the Plaintiffs' Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) or, in the Alternative, Motion to Strike Certain Affirmative Defenses Pursuant to Rule 12(f) (ECF No. 182) is GRANTED IN PART and DENIED IN PART. The Motion is granted with respect to the Du Pont's laches and waiver defenses, and denied as to the Du Pont's standing, failure to state a claim, and failure to plead fraudulent concealment defenses.

A separate Order follows.

Dated:      February 3, 2012

/s/_____
Richard D. Bennett
United States District Judge