IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HALEY PAINT COMPANY, et al.

Plaintiffs,

v.                                                                Civil Action No.: RDB-10-0318

E.I. DU PONT DE NEMOURS AND CO., et al.

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On Thursday, February 9, 2012, the Plaintiffs in the above captioned matter filed a Reply to their Motion to Vacate Order. *See* ECF Nos. 222, 242. In that reply, the Plaintiffs essentially acknowledged that, due to the ongoing nature of discovery in this case, the Reply contained some new arguments and requests for relief not previously argued in the original motion. *See* Reply at 21 n.35, ECF No. 242. Furthermore, the Plaintiffs consented to allow the Defendant Millennium Inorganic Chemicals, Inc. ("Millennium") to file a surreply to address those new arguments and requests. *See id.*

In light of the fact that this Court's Local Rules prohibit parties from responding to the new arguments raised in reply briefs without leave of court, *see* Local Rule 105.2(a) (D. Md. 2011), Millennium has requested permission to file a surreply. *See* Def.'s Ltr., ECF No. 244. This Court has previously held that "[t]he ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 735 (D. Md. 2006) (citing

1

*United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)). Moreover, this Court has also noted that "[c]ourts have broad discretion to decline to consider arguments or issues first raised in a reply brief." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 (D. Md. 2009). However, in keeping with its broad discretion on this matter, this Court will permit Millennium to file a surreply so that it may respond to the Plaintiffs new arguments and requests for relief. Moreover, due to the Plaintiffs' ongoing analysis of Millennium's document production during the pendency of the Plaintiffs' Motion to Vacate, this Court will consider the additional arguments raised by the Plaintiffs in their Reply brief in its consideration of the underlying motion. Millennium has indicated that it can file the surreply within ten calendar days of this Court's approval. Accordingly, Millennium may file a surreply in this matter by Friday, February 24, 2012.

Finally, consistent with this Court's Letter Order of January 4, 2012 (ECF No. 220), Defendants are permitted to file their surreply under seal to the extent the surreply references or attaches information designated as "Confidential" pursuant to the Protective Order entered in this case.

____FILED   ____ENTERED
____LODGED  ____RECEIVED

FEB 1 3 2012

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge