

250 West Pratt Street
Suite 1300
Baltimore, MD 21201

Telephone: (410) 545-5800
Fax: (410) 545-5801
www.wcsr.com

David B. Hamilton
Direct Dial: 410-545-5850
Direct Fax: 410.694.0871
E-mail: David.Hamilton@wcsr.com

November 20, 2012

**VIA CM/ECF ONLY**

The Honorable Richard D. Bennett
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 5D
Garmatz Federal Court House
Baltimore, Maryland 21201


      Re:    *In re Titanium Dioxide Antitrust Litig.,* Master Docket no. 10-cv-00318 (RDB)

Dear Judge Bennett:

      Defendants submit this letter in connection with the telephone conference with the Court that is scheduled for 4:30 pm on Monday, November 26, 2012, and in response to Plaintiffs' Status Report letter of November 19, 2012 (Docket No. 361).

      Defendants write to ask the Court's assistance in obtaining proper and complete answers to certain interrogatories posed by Defendants at the close of discovery in August 2012. Defendants' counsel and Plaintiffs' counsel have engaged in several meet-and-confer discussions and exchanged letters to resolve the dispute. Based on Plaintiffs' attempts to "revise" their deficient answers and Plaintiffs' continuing objections to providing the information sought by Defendants, Defendants request the Court's intervention to require Plaintiffs to answer the questions posed by the interrogatories.

      **A.**    **Defendants' Contention Interrogatories**

      Generally speaking, each of the Defendants posed certain contention interrogatories (collectively, the "Contention Interrogatories") asking Plaintiffs to identify and describe meetings or communications showing that Defendants' employees (or others) met or otherwise improperly exchanged information that was used to fix or stabilize prices for titanium dioxide during the Class Period.[1] In doing so, the Contention Interrogatories asked Plaintiffs to describe

---

[1] The Contention Interrogatories at issue are: (1) Interrogatory Nos. 2, 4, 6, 8, 10 and 12 from Huntsman International LLC's Second Set of Interrogatories to Plaintiffs; (2) Interrogatory Nos. 2, 4, 6, 8, 10 and 12 from Kronos Worldwide, Inc.'s Second Set of Interrogatories to Plaintiffs; (3) Interrogatory Nos. 13 and 15 from E. I. du Pont de Nemours, Inc.'s Second Set of

The Honorable Richard D. Bennett
November 20, 2012
Page 2

specific information, including which employees allegedly met, when they met, where they met, what was communicated, and what Defendants did with that information.

Fact discovery has been closed for several months. During the past year, Plaintiffs have had the opportunity to review millions of pages of documents from the Defendants. Plaintiffs have deposed more than fifty (50) of Defendants' current and former employees, as well as various third parties alleged to have participated in the conspiracy. Plaintiffs have sent numerous subpoenas to third-party trade associations and consultants. Throughout the fact discovery process, all of Defendants' employees have *truthfully* and *unwaveringly* denied engaging in any improper conduct with one another.

Defendants believe there is <u>no</u> evidence any of its employees ever met with employees of a competitor and discussed coordinating prices or price increases. Although Plaintiffs continue to allege generally that such meetings occur, they refuse to identify the basics of when any such meeting ever occurred, who was there, what was said, and what action any of the Defendants took based on whatever was communicated at the meeting. Plaintiffs can no longer hide behind conclusory allegations. The time has come for Plaintiffs to tell the Defendants the *factual* basis for their claims about this alleged "conspiracy."

### B. Rule 33 and Numerous Cases Establish that Defendants Are Entitled to Answers to the Contention Interrogatories

In the Contention Interrogatories, Defendants asked Plaintiffs to set forth the basic who, what, when, where and why of the alleged conspiracy. Defendants are entitled to discover that information under Rules 26 and 33. Rule 33 expressly permits interrogatories that ask "for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).[2]

Numerous federal courts have considered these types of interrogatories in the context of class action claims brought under Section 1 of the Sherman Act. *See In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Dkt. No. 1869 (Misc. No. 07-489 (PLF/AK/JMF (D.D.C. 2011); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005); *In re Residential Doors Antitrust Litig.*, 900 F. Supp. 749, 753 (E.D. Pa. 1995) *In re Potash Antitrust*

---

Interrogatories to Plaintiffs; and (4) Interrogatory Nos. 21, 23 and 25 from Millennium Inorganic Chemical Company's Second Set of Interrogatories to Plaintiffs.

[2] The advisory committee note to Rule 33 states that contention interrogatories "can be most useful in narrowing or sharpening the issues, which is a major purpose of discovery." *Barnes v. District of Columbia*, 270 F.R.D. 21, 24 (D.D.C. 2010) (quoting Fed. R. Civ. P. 33 advisory committee's note (1970)). As a result, "contention interrogatories" that require a party "to state all the facts upon which is bases a contention are perfectly legitimate." *Id.*

The Honorable Richard D. Bennett
November 20, 2012
Page 3

*Litig.,* 161 F.R.D. 405, 409 & n.5 (D. Minn. 1995); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 307 (S.D.N.Y. 1982); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 417 (N.D. Ill. 1977).  In all of these cases, the courts ordered the responding party to provide the information requested by interrogatories, including the specific details of the alleged "conspiratorial" meetings and information exchanges.

### C. Plaintiffs' Deficient Answers to the Contention Interrogatories

In response to the Contention Interrogatories, Plaintiffs have interposed meritless objections and failed to provide the information requested by the interrogatories.[3]  Instead, Plaintiffs have generally identified the names of dozens of employees, hundreds of documents, and provided a 96 page-spreadsheet called "Competitor Contacts Chronology" (which fails to provide most of the information sought by the Contention Interrogatories).  In short, Plaintiffs have failed to meet their obligations under Rule 33.

#### 1. Plaintiffs' Improper Objections

Plaintiffs lodge a variety of objections that have been considered and overruled in the context of answering contention interrogatories in Section 1 antitrust cases.

- **Burdensomeness.**  Plaintiffs claim that they "do not – and do not believe they must purely for the sake of responding to these Interrogatories – undertake the unnecessarily burdensome task of organizing and presenting facts and evidence isolated by party, or isolated by person, or in parts and subparts, or in any other manner of type of disaggregated detail beyond what they believe is necessary for establishing their claims and overcoming Defendants' defenses at trial."  *See* Plaintiffs' Revised Responses and Objections to Defendant Huntsman International LLC's Second Set of Interrogatories to Plaintiffs at 2.[4]

Courts have consistently rejected this objection in requiring parties in Section 1 conspiracy cases to set forth the details surrounding allegedly conspiratorial meetings.  *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 326 (rejecting burdensomeness objections and holding that a party "must disclose with reasonable specificity, that a meeting or communications occurred, what was said, by whom, who was present, and where or how the meeting or communication occurred"); *In re Residential Doors Antitrust Litig.*, 900 F. Supp. at 753 (rejecting burdensomeness objection and requiring party to respond to contention interrogatory and identify persons, dates of meetings and actions taken as a result of meetings among

---

[3] To expedite the Court's review of Plaintiffs' objections and answers, Defendants have attached Plaintiffs' Objections and Answers to the Contention Interrogatories, which were designated as "Confidential" under the Stipulated Protective Order, as Exhibit A to this letter.

[4] Plaintiffs raise this identical objection to each of the Defendants' respective contention interrogatories.

The Honorable Richard D. Bennett
November 20, 2012
Page 4

defendants' employees); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. at 417 (rejecting "burdensomeness" objections and requiring party to respond to contention interrogatories seeking names, dates, and subject matter of meetings among employees).

Plaintiffs' "burdensomeness" objections are likewise without merit here. Defendants are absolutely entitled to answers to the questions about how Plaintiffs contend this alleged conspiracy was formed and operated. If Plaintiffs contend that Defendants' employees and others actually had improper meetings and conversations, Plaintiffs need to provide that information as requested in the Contention Interrogatories. Plaintiffs are not allowed to avoid Defendants' questions because they require Plaintiffs to actually describe the Defendants' allegedly lawful acts (as opposed to making overly broad, generalized statements about them).

- ***Work Product / Application of Law to Fact.*** Plaintiffs claim that the Contention Interrogatories improperly require them to divulge "the facts and evidence in a manner that is inconsistent with Plaintiffs' claims and legal theories, their applicable burden(s) of proof, and the manner in which Plaintiffs presently intend to establish them." *See* Plaintiffs' Revised Responses and Objections to Defendant Huntsman International LLC's Second Set of Interrogatories to Plaintiffs at 2.

Rule 33 has long been understood by federal courts to be the appropriate tool for parties to inquire into an opponent's legal theories and factual claims. As a result, "contention interrogatories" that require a party "to state all the facts upon which is bases a contention are perfectly legitimate." *Barnes v. District of Columbia,* 270 F.R.D. 21, 24 (D.D.C. 2010). Here, Plaintiffs cannot hide behind a claim that they do not like the way Contention Interrogatories require them to identify the facts sought. Plaintiffs will have the ability to tell their story as they see fit at trial; in the meantime, Defendants are likewise entitled to ask questions about Plaintiffs' evidence in the manner they see fit.

2. **Plaintiffs' Insufficient Answers**

In essence, Plaintiffs entirely avoid answering the Contention Interrogatories. Plaintiffs do this by (1) naming dozens of Defendants' employees as individuals who exchanged improper information; (2) listing hundreds of documents and depositions exhibits (the majority of which do not provide evidence of *any* information being communicated between individuals – let alone "non-public" or "confidential" information); and (3) referencing "Exhibit A," which purports to be a 96-page chronology of "competitor contacts" (though not contacts in which "confidential or non-public" information was actually exchanged).

- ***Reference to Documents / Deposition Exhibits.*** To avoid answering the Contention Interrogatories, Plaintiffs simply identify dozens of employees and hundreds of exhibits and documents. The problem, of course, is that none of this actually answers the questions posed by Defendants. In other words, simply identifying the names of approximately 20-30 employees

The Honorable Richard D. Bennett
November 20, 2012
Page 5

and hundreds of documents does not answer the questions of when these employees received "confidential and non-public" information, what information was actually provided and what Defendants' did to act on the information that was provided.

Furthermore, Rule 33 does not permit this type of answer. To the extent Plaintiffs seek to rely on Rule 33(d) for their answers by referring to documents (which they cannot in this case anyway), Plaintiffs must actually comply with Rule 33(d)'s requirements. Rule 33(d) is used *only* where the burden of finding the information sought is "substantially equivalent" to both parties. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 326. That is not the case here. Moreover, the documents must be identified in sufficient detail that the answer to the interrogatory can actually be obtained. *Id.* Referring to records *en masse* without specifying particular documents is "an abuse of" Rule 33(d). *Id.* In short, Plaintiffs are required to identify the document that contains the information requested and state what particular information is actually contained within the document that is responsive to the interrogatory. *Id.* Plaintiffs cannot meet any of the requirements of Rule 33(d).

- **Reference to Exhibit A -- "Competitor Contacts" Chronology.** Plaintiffs also attempt to utilize Exhibit A, a document created by Plaintiffs that is apparently supposed to show "contacts" among the Defendants' employees. Plaintiffs claim that Exhibit A provides the information requested by Defendants. Exhibit A, however, fails to do that in any way. First, Exhibit A merely describes every event where Plaintiffs have been at a trade show, industry meeting, bi-lateral contract negotiation, or other legitimate activity. It does not purport to be a description of "confidential or non-public" information that was shared at that event, or what was done with that information. Second, it does not purport to identify which individual shared such information with any competitor's employee. In other words, Exhibit A is nothing more than a chronology of certain events in the titanium dioxide industry. It does not contain the information sought by the Contention Interrogatories.

This type of misuse of a "narrative" description that does not contain an answer to the specific questions posed in the interrogatories has been rejected.
*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Dkt. No. 1869 (Misc. No. 07-489 (PLF/AK/JMF (D.D.C. 2011) at 9-10. In *In re Rail Freight Fuel Surcharge*, Defendants moved to compel Plaintiffs to respond to contention interrogatories seeking the "who, what, when and where" of the alleged conduct of Defendants' employees. Plaintiffs responded, in part, by referring Defendants to a massive "narrative" description of all of the evidence in the case. The court rejected this approach noting that "having the opposing counsel and then the judge read many paragraphs of narrative when most of them are not even directed to the specific question presented is wasteful and not to be encouraged particularly when the answering party can isolate the portions of the narrative that truly speak to the question presented and provide the answer." *Id.*

The Honorable Richard D. Bennett
November 20, 2012
Page 6

      In summary, Defendants are entitled to know if Plaintiffs actually have any evidence showing that Defendants' employees conducted meetings at which improper activity occurred. If Plaintiffs have such information, it must be identified in the manner requested. If no such information exists, Defendants are entitled to an answer stating that, too. One way or the other, Plaintiffs cannot hide behind obscure references to hundreds (perhaps thousands) of documents and dozens of employee names. Candidly, neither the individuals nor documents identified by Plaintiffs contain information that is responsive to the Contention Interrogatories.

      Defendants respectfully ask the Court to order Plaintiffs to answer the Contention Interrogatories and provide the information requested in the manner and format set forth by the respective interrogatories.

                              Respectfully submitted,

                                /s/

                              David B. Hamilton

DBH:nlw
Attachment - Exhibit A
cc:      All counsel of record (via CM/ECF)
           Robert Malaby, Esq., counsel for non-party Jim Fisher (by e-mail only)