

Robert B. Levin
Direct Dial: 410.385.4285
rbl@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

November 23, 2012

**VIA CM/ECF**

Honorable Richard D. Bennett
United States District Court
District of Maryland
101 West Lombard St., Chambers 5D
Garmatz Federal Courthouse
Baltimore, Maryland 21201

      RE:   *In re Titanium Dioxide Antitrust Litig.*,
                Master Docket No. 10-CV-00318 (RDB)

Dear Judge Bennett:

      Plaintiffs submit this letter in response to Defendants' letter of November 20, 2012, Dkt. No. 363.  To date, Defendants have propounded approximately 50 contention interrogatories to Plaintiffs, asking, in essence, for Plaintiffs to disclose all evidence Plaintiffs contend support their claims.  Plaintiffs have now done so repeatedly.  Plaintiffs provided hundreds of pages describing Plaintiffs' legal claims and theories in detail, identifying each document by deposition exhibit number and bates number, and citing deposition testimony.  Plaintiffs have gathered the evidence in this case and then culled it, organized it, synthesized it, and provided it to Defendants in these responses.  Among other things, Plaintiffs have identified hundreds of overt acts in furtherance of the conspiracy by date, location, time, description, participants, and subject matter.  *See* Defendants' Letter, Dkt. No. 363, Ex. A, "Competitor Contacts Chronology," Nov. 15, 2012.  Discovery is ongoing — per the agreed-upon schedule in this case, Defendants have not yet produced expert reports or produced their experts for deposition — and Plaintiffs, as noted below, have agreed to supplement their discovery responses upon the conclusion of all discovery.

      In the responses to these contention interrogatories, Plaintiffs have provided a full statement and identification of the evidence that they believe support their claims.  Unsurprisingly, it is Defendants' business records and the admissions of Defendants' officers and executives that comprise the bulk of the evidence, all of which Defendants possess and control.  Nonetheless, Defendants claim this somehow "fail[s] to set forth the basic who, what, when, where and why of the alleged conspiracy."  Dkt. No. 363, at 2.  This charge is wholly without merit.  Plaintiffs have now responded twice to these particular contention interrogatories, and others as well, which ask for the same information, in hundreds of pages identifying the evidence Defendants requested.  As noted, as part of these responses, Plaintiffs have prepared and produced to Defendants a 96-page chart identifying and detailing in

chronological order hundreds of meetings, communications, and other overt acts in furtherance of the conspiracy. These include many multi-lateral meetings that surround and coincide with the parallel price increases that Plaintiffs allege in their Complaint.

Defendants' criticisms here are not altogether clear. Defendants appear to assert that Plaintiffs' responses are inadequate, not because they are incomplete, but because they provide too much information, or because they disagree with its relevance or probative value. Plaintiffs have taken their discovery obligations and the Court's previous admonitions concerning complete interrogatory responses seriously. Plaintiffs have, to the best of their ability — and before discovery is complete — itemized for Defendants all facts supportive of Plaintiffs' claims of which Plaintiffs presently are aware. In arguing that Plaintiffs have responded with too much evidence of this kind, Defendants ask Plaintiffs to discard probative evidence and, instead, to cull even further Defendants' own business records and testimony in a manner that conforms with Defendants' view of this case. Plaintiffs are not aware of, and Defendants do not cite, any authority authorizing the use of interrogatories to require such an exercise, especially where the information is in Defendants' possession and control. Plaintiffs do not dispute Defendants are entitled to identification of the facts supporting their claims; Plaintiffs have provided those facts in copious detail. Moreover, it is clear from Defendants' letter that they disagree as to the proper interpretation of the evidence identified by Plaintiffs in their responses. But resolution of that factual dispute is the very purpose of the trial.

The authorities upon which Defendants rely are distinguishable and show Defendants' complaints are not well-taken. Their cases stand for the proposition that when Defendants have exclusive possession of relevant information regarding meetings and other communications between or among themselves, they must disclose it. *See In re Residential Doors Antitrust Litig.*, 900 F. Supp. 749, 753, 758 (E.D Pa. 1995) (defendants called upon to detail who, what, when, where and why with respect to their *own* meetings in the context of an alleged price-fixing conspiracy); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 307–09 (S.D.N.Y. 1982) (same); *In re Sulfuric* Acid *Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005) (same); *In re Potash Antitrust Litig.*, 161 F.R.D. 405, 409 (D. Minn. 1995) (same).

Defendants assert that *In re: Rail Freight Fuel Surcharge Antitrust Litigation,* No. 1:07-mc-00489-PLF-JMF, Dkt. No. 534 (D.D.C. Nov. 17, 2011) held that "narrative" responses to antitrust defendants' contention interrogatories are improper. But instead, the court there addressed a narrative response that did not identify relevant documents and testimony, in a discussion specifically addressing different interrogatories — and, of course, different responses — than those challenged here. Indeed, the *Rail Freight* court also noted that "a narrative statement may or may not comply with [plaintiffs' discovery] obligation depending on the question presented." *Id.* at 9. In this regard, Plaintiffs respectfully invite the Court's attention to their response to DuPont's interrogatory no. 11, which itself *called for* a narrative

Honorable Richard D. Bennett
November 23, 2012
Page 3

answer.  Plaintiffs' response to this interrogatory[1] summarizes Plaintiffs' claims with substantial detail over the course of several pages. The answer makes the basic "who, what, when, where and why" of the alleged conspiracy quite clear, and thus complies with Plaintiffs' discovery obligation. Here, Plaintiffs have specifically described their main legal theories, identified the nature, purpose, scope, and extent of the price-fixing cartel, identified the relevant price increases by date and magnitude, and identified by name the participants in, and overt acts in furtherance of the conspiracy.

In addition to challenging Plaintiffs' detailed descriptions of their legal claims and the evidence supporting them, Defendants also claim that Plaintiffs' careful and complete efforts are inadequate or improper.  In *Sulfuric Acid*, the only case on which Defendants rely for their claim, the defendant there, unlike Plaintiffs here, responded to contention interrogatories solely by directing the plaintiffs to  "documents [that] were produced [by the defendant] by the hundreds of boxfuls, which were neither labeled nor organized" in any way to correspond to the questions posed.  This is a far cry from the case here, where Defendants delivered millions of pages of documents to Plaintiffs and Plaintiffs reviewed and organized them, took over 70 depositions, and then culled the product of that effort, organized it, and *produced it back to Defendants* in detailed responses to interrogatories.  Plaintiffs identified, by bates number, deposition exhibit number, and/or deponent (with testimony frequently pinpointed by page and line number), all of the evidence Plaintiffs presently believe constitutes direct and circumstantial proof responsive to each interrogatory.  Any further limitation of the evidence Plaintiffs have identified would exclude probative evidence of which Plaintiffs are aware and must, pursuant to the Federal Rules of Civil Procedure, disclose.

Because Plaintiffs' interrogatory responses are comprehensive, carefully organized, and specifically oriented to respond to Defendants' requests, Defendants' request for judicial intervention with respect to Plaintiffs' interrogatory answers should be denied.

Respectfully,


*/s/ Paul Mark Sandler*
*/s/ Robert B. Levin*

cc:     All counsel of record (by email).


1068013.5

---

[1] Plaintiffs' response to DuPont's interrogatory no. 11 is included within Exhibit A (Dkt. No. 364) to Defendants' November 20 letter.