IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: TITANIUM DIOXIDE ANTITRUST LITIGATION | * * * | |
| * * * * * * * * | | CIVIL ACTION NO.: RDB-10-0318 |
| | * | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | * * * | |
| * * * * * * * * * * * * * * | | |

**MEMORANDUM OPINION**

This case concerns an alleged price-fixing conspiracy in the market for titanium dioxide.  Plaintiffs Haley Paint Company and Isaac Industries, Inc., and Intervening Plaintiff East Coast Colorants, LLC d/b/a Breen Color Concentrates (collectively, "Plaintiffs") claim that Defendants E.I. du Pont de Nemours & Co., Huntsman International LLC, Kronos Worldwide Inc., and Millennium Inorganic Chemicals, Inc. (collectively, "Defendants") engaged in an unlawful conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, to fix, raise, or maintain the price of titanium dioxide in the United States.  Plaintiffs allege that as a consequence of the unlawful conspiracy, Defendants were successful in charging artificially inflated prices for titanium dioxide products—thereby injuring all Plaintiffs.

On August 28, 2012, this Court issued a Memorandum Opinion (ECF No. 337) certifying a class of customers who purchased titanium dioxide from the Defendants during a period from February 1, 2003 until the present. The class is currently defined as follows:

> All persons and entities who purchased titanium dioxide in the United States directly from one or more Defendants or Tronox, or from any predecessors, parents, subsidiaries, or affiliates thereof, between February 1, 2003, and the present.  Excluded from the Class are Defendants, their coconspirators, parent

companies, predecessors, subsidiaries and affiliates, and all governmental entities.

Presently pending before this Court is the Defendants' Motion to Amend Class Definition (ECF No. 351).  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons articulated below, Defendants' Motion to Amend Class Definition will be DENIED as not ripe for review.

BACKGROUND

The facts of this case are fully set forth in the Memorandum Opinion issued on August 28, 2012 (ECF No. 337).  An abbreviated factual summary is repeated here so as to introduce the pending motion.

Plaintiffs Haley Paint Company and Isaac Industries, Inc., and Intervening Plaintiff East Coast Colorants, LLC d/b/a Breen Color Concentrates (collectively, "Plaintiffs") claim that Defendants E.I. du Pont de Nemours & Co., Huntsman International LLC, Kronos Worldwide Inc., and Millennium Inorganic Chemicals, Inc. (collectively, "Defendants"), who are the market leaders in the production of titanium dioxide, conspired to fix, raise, maintain, and stabilize the price of titanium dioxide when demand for the product declined.  The conspiracy is alleged to have occurred from February 1, 2003, through the present.  On February 9, 2010, the Plaintiffs filed suit, and they submitted an Amended Complaint (ECF No. 51) on April 12, 2010, initiating this class action lawsuit.  The Plaintiffs' Amended Complaint alleges a price-fixing conspiracy in violation of the Sherman Act, 15 U.S.C. § 1.

On August 28, 2012, this Court issued a Memorandum Opinion (ECF No. 337) certifying a class of titanium dioxide purchasers who are alleged to have sustained injury

when they paid artificially inflated prices for the product.[1]   In their opposition to class

certification, the Defendants had argued that many members of the putative class had

entered into contracts with the Defendants that contained mandatory arbitration clauses,

forum selections clauses, or jury waiver provisions.  Mem. Op. 40.  Though these contractual

provisions did not defeat class certification, this Court left open the possibility of a later

amendment to the class certification Order if certain members' contracts rendered them

atypical of the class.  *Id.*

Defendants now argue, based on sixty-three contracts provided as examples in their

Motion to Amend Class Definition, that the class should be defined to exclude any putative

members who are contractually barred from participation in this class action litigation.

Defs.' Mot. to Amend 3.  They request that the class definition be amended as follows:

> All persons and entities who purchased titanium dioxide in the United States
> directly from one or more Defendants or Tronox, or from any predecessors,
> parents, subsidiaries, or affiliates thereof, between February 1, 2003, and the
> present, *except those persons and entities who purchased titanium dioxide in the United
> States directly from one or more Defendants or Tronox, or from any predecessors, parents,
> subsidiaries, or affiliates thereof, during the Class Period pursuant to a written contract
> containing (i) an arbitration clause, (ii) a clause restricting the litigation of disputes to courts
> other than the U.S. District Court for the Northern District of Maryland, and/or (iii) a
> provision waiving the right to a jury trial.   Also* excluded from the Class are
> Defendants, their coconspirators, parent companies, predecessors, subsidiaries
> and affiliates, and all governmental entities.

*Id.* at 3-4 (emphasis added to illustrate proposed amendment).  The Defendants seek this

amendment before notice is issued to the class and the opt-out period expires.  They argue

that this amendment is required to honor the putative members' contractual agreements with

---

[1] The Defendants petitioned to appeal this Court's decision certifying the class, and that petition was
denied on November 14, 2012.  *See* Order, *In re Titanium Dioxide Antitrust Litig.*, No. 12-320 (1:10-
CV-00318-RDB) (4th Cir. Nov. 14, 2012).

the Defendants as well as to ensure that the class certified by this Court is not overly broad.
*Id.* at 4.

The Plaintiffs argue, on the other hand, that the Defendants' Motion to Amend is procedurally improper because the Defendants have not moved to compel arbitration or to enforce other contractual rights that would preclude a member's participation in this class action. *See* Pls.' Opp'n 5-9. They also argue that a member's contractual agreement with one Defendant should not preclude that member from participating in the class action as against all other Defendants with whom the member has no contractual obligations. *Id.* at 10-16. Finally, they claim that the Defendants have waived their right to enforce these contractual provisions. Within their waiver argument they advance two separate points: (1) The Plaintiffs argue as to the arbitration clauses that the Defendants' actions throughout the pendency of this case have been inconsistent with an intent to arbitrate. (2) As to the forum selection and jury waiver clauses, the Plaintiffs contend that in order to enforce them the Defendants were required to file a motion challenging venue before filing any responsive pleading. *See id.* at 17-23. If this Court is willing to consider the Defendants' Motion to Amend, however, the Plaintiffs suggest that consideration of this issue be deferred until notice has been issued to the class and the opt-out period has expired. *See id.* at 9, 25.

STANDARD OF REVIEW

Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure provides simply that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). This Court has previously stated that "[a] district court has 'broad discretion in determining whether the action may be maintained as a class

action,' . . . and so long as the court considers the proper criteria, it is permitted to exercise such discretion." *Doe v. Lally*, 467 F. Supp. 1339, 1345 (D. Md. 1979) (citations omitted).  As this court previously held, "[a] federal district court possesses the same broad discretion in determining whether to modify or even decertify a class." *Wu v. MAMSI Life & Health Ins. Co.*, 256 F.R.D. 158, 162 (D. Md. 2008) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).  In fact, a federal district court judge has an affirmative obligation to ensure that the class membership remains at all times consistent with the underlying facts and procedural posture of the case.  *See Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 . . . the district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."); *Chisolm v. TranSouth Fin. Corp.* 194 F.R.D. 538, 544 (E.D. Va. 2000) ("[T]he Court is duty bound to monitor its class decision and, where certification proves improvident, to decertify, subclassify, alter, or otherwise amend its class certification.").

## ANALYSIS

The Defendants request that this Court amend the class definition before putative class members receive class notice and the attendant opt-out period expires.  They argue that an amendment at this stage is appropriate because certain putative class members are contractually barred from involvement in this class action.  Amending the class definition pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Defendants claim, offers a simple, timely resolution to the issue.  The Plaintiffs suggest that if this Court is inclined to consider the Defendants' Motion to Amend, then it should follow the District Court for the Northern District of California, which in a quite similar case addressed such contractual

provisions only after the opt-out period expired. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 07-1827, 2011 WL 1753784 (N.D. Cal. May 9, 2011).

This Court is persuaded that consideration of the Defendants' Motion to Amend should be deferred until after class notice has issued and the opt-out period has expired. At that time, the parties will be aware of the composition of the class, and in particular whether the class contains members who agreed to a contractual provision barring them from class action litigation yet did not exclude themselves during the opt-out period. *See In re TFT-LCD Antitrust Litig.*, 2011 WL 1753784, at *2. A resolution of this issue requires that the class composition be known, since the problem that the Defendants perceive only arises if there are class members who agreed to mandatory and enforceable arbitration, forum selection, or jury waiver clauses in their contracts with the Defendants. *See, e.g.*, *id.* at *3 ("[P]utative class members are not parties to an action prior to class certification." (quoting *Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004)).

Moreover, this Court must determine whether these mandatory contractual provisions are enforceable, a task that cannot be completed until the parties to this class action litigation are known and the record presented by the parties is fully developed. *See id.* at *4 (reasoning that a determination regarding mandatory arbitration clauses in putative members' contracts could not be rendered until the defendants moved to compel arbitration and provided the court with all contracts they intended to assert). As it stands, the Defendants have provided examples of the types of contracts that they argue should preclude putative class members from this class action. *See* Defs.' Mot. to Amend 3; Defs.' Exs. 1-67. After the opt-out period, the Defendants will be in a position to supply this

Court with the actual contracts on which to base a motion to amend class definition or a motion to compel arbitration.  For these reasons, this Court finds the Defendants' Motion to Amend Class Definition is not yet ripe for review.

CONCLUSION

For the reasons stated above, the Defendants' Motion to Amend Class Definition (ECF No. 351) is DENIED as not ripe for review.  The Defendants may resubmit a motion challenging the class definition after class notice has issued and the opt-out period has expired.[2]  At that time, this Court will address the arguments advanced by both parties regarding whether mandatory arbitration, forum selection, and jury waiver clauses should preclude a member from participating in this class action litigation.[3]

A separate Order follows.

Dated:          November 27, 2012          /s/_____

                                           Richard D. Bennett
                                           United States District Judge

---

[2] Although this Court defers addressing this Motion to Amend at this time, it acknowledges that the District Court in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 07-1827, 2011 WL 1753784 (N.D. Cal. May 9, 2011), presents an efficient procedure for dealing with contractual provisions that may preclude a member from participating in class action litigation.

[3] This Court notes that it is inclined to rule that the Defendants have not waived at least their right to enforce any mandatory arbitration clauses against putative members of the class.  As in *In re TFT-LCD Antitrust Litigation*, the Defendants in this case could not have moved to compel arbitration anytime before class certification, since putative class members are not parties to the litigation until after the class has been certified.  *See In re TFT-LCD Antitrust Litig.*, 2011 WL 1753784, at *3 (quoting *Saleh v. Titan Corp.*, 353 F. Supp. 2d at 1091).  To move to compel arbitration or dismiss absent class members at any stage earlier than class certification likely would have been futile.  *See, e.g., Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314-15 (4th Cir. 1978) (acknowledging that "pre-certification dismissal does not legally bind absent class members" (internal citation omitted)).