

SHAPIRO
SHER
GUINOT &
SANDLER

Paul Mark Sandler
Direct Dial: 410.385.4272
pms@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

March 11, 2013

*VIA CM/ECF*

Honorable Richard D. Bennett
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 West Lombard Street, Chambers 5D
Garmatz Federal Courthouse
Baltimore, Maryland 21201

    Re: *In re Titanium Dioxide Antitrust Litigation*
        Master Dkt. No. 10-CV-318 (RDB)

Dear Judge Bennett:

    Plaintiffs submit this letter in connection with the March 18, 2013 telephone conference. Regretfully, subsequent to the hearing on March 4, 2013, a dispute has arisen between the parties about the meaning of the 25 page limitation on briefing the expert-related motions we discussed in court, and which is stated in the Court's letter Order of March 4, 2013. Plaintiffs understand the Court's Order to mean that each side's expert-related motion must not exceed 25 pages in total. Defendants maintain they may file a separate 25 page memorandum for each of the experts whom Defendants challenge. This leaves open the possibility that Defendants will file up to 100 pages of motions challenging each of Plaintiffs' four experts in separate 25 page briefs.

    Plaintiffs believe this is inconsistent with the Court's instructions in court with respect to the length of the briefs. Plaintiffs also believe that this is inconsistent with the schedule the Court established for the briefing in its letter Order of March 4, 2013, which allows one week for the parties to oppose any such motions. It would be difficult for either side to be required to respond to up to 100 pages of briefing in the span of one week.

    Plaintiffs respectfully request confirmation that the expert motions are to be no more than 25 pages per side. If Plaintiffs are incorrect, we would like to discuss with the Court during the conference call some relief from the schedule.

    In addition, during the conference call on March 18, 2013, Plaintiffs also would like confirmation that separate from the *Daubert* motions, all parties may file *in limine* motions, and object at trial, to testimony of experts not related to the question of whether the expert is entitled to testify under *Daubert*.



SHAPIRO
SHER
GUINOT &
SANDLER

Honorable Richard D. Bennett
March 11, 2013
Page 2

    Finally, Plaintiffs wish to advise the Court that they do not intend at this time to file Rule 702 motions with respect to any of Defendants' experts. We do however reserve the right to preclude testimony that may not be proper under the rules of evidence, the discovery rules, and case law by means of *in limine* motions and at trial.

    We appreciate the Court's consideration of this matter.

                                      Respectfully submitted,


                                      /s/ Paul Mark Sandler

PMS/kmm

cc: All Counsel of Record (*Via* CM/ECF)