

250 West Pratt Street
Suite 1300
Baltimore, MD 21201

Telephone: (410) 545-5800
Fax: (410) 545-5801
www.wcsr.com

David B. Hamilton
Direct Dial: 410-545-5850
Direct Fax: 410-694-0871
E-mail: David.Hamilton@wcsr.com

March 14, 2013

**VIA CM/ECF ONLY**

Honorable Richard D. Bennett
United States District Court
District of Maryland
Garmatz Federal Courthouse
101 West Lombard Street, 5D
Baltimore, Maryland 21201

RE: *In re Titanium Dioxide Antitrust Litigation*, Case No: 1:10-CV-00318-RDB

Dear Judge Bennett:

    We submit this letter on behalf of all Defendants in the above-captioned matter in response to Plaintiffs' March 11, 2013 letter ("Pls.' Ltr.") to this Court.

    As an initial matter, Defendants do not intend to file 100 pages of briefing related to Plaintiffs' expert witnesses. But Plaintiffs' application to limit briefing on expert issues under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) – the issues which the parties agree must be raised now (see Pls.' 3/11/13 Ltr.) – to 25 pages in total is unworkable and unfair to Defendants. Plaintiffs propose offering expert testimony at trial from four different proposed expert witnesses – Professors Lamb, Hamilton, Priest and Gray. Together, those experts have submitted seven expert reports of more than 290 pages in length. Professors Lamb and Hamilton have each been deposed twice, and Professors Gray and Priest each either have been, or will be, deposed once.[1] Despite that volume of material, under Plaintiffs' proposal, Defendants would only have approximately six pages of briefing per witness, to address the serious issues that the proposed testimony of each of Plaintiffs' proposed expert witnesses raises under Rule 702 and Daubert. Defendants respectfully submit that such a limitation here is unjustified and would be highly prejudicial, particularly given the significance of these issues.

---

[1] The deposition of Professor Priest, a proposed rebuttal expert for Plaintiffs, was originally scheduled for March 13, 2013, but was postponed because Mr. Priest fell ill the morning of his deposition. Mr. Priest's deposition has now been rescheduled for next Tuesday, March 19, 2013. Under the circumstances, none of the parties object to Mr. Priest's deposition being taken after the March 14, 2013, deadline for depositions concerning Plaintiffs' expert rebuttal reports. See Order dated January 16, 2013, ECF No. 376.

The Honorable Richard D. Bennett
March 14, 2013
Page 2

      Defendants are nonetheless mindful both of the Court's guidance about presenting arguments as succinctly as possible, as well as the importance of resolving these expert-related issues before the summary judgment briefing, in accordance with the schedule specified by the Court at the March 4 hearing. Consequently, Defendants propose to submit a single, joint brief in support of their Rule 702 and Daubert motions against all four of Plaintiffs' proposed expert witnesses of no more than 48 pages in length. That equates to an average of 12 pages per expert—far less than what is provided for under the Local Rules, and roughly half, for each expert, of the page limit specified by the Court in its March 4, 2013, Order ("[a]ny motions regarding expert issues should be twenty-five pages or fewer.") See Order dated March 4, 2013, ECF No. 397. Defendants believe that this modest briefing can certainly be accomplished in accordance with the Court's current schedule: namely, Defendants' motion must be submitted on or before March 22, 2013 (only three days after Professor Priest's rescheduled deposition); Plaintiffs' response in opposition, on or before March 29, 2013; and Defendants' reply, on or before April 5, 2013.

      Separately, at the conference held on March 4, 2013, the Court asked the parties to propose a schedule for Defendants to submit their motions to amend the class definition once the Claims Administrator had reported which, if any, class members have opted out of the litigation. To date, Defendants have not received any communications either from Plaintiffs or the Claims Administrator regarding opt-outs. Once that information is received, Defendants will confer with Plaintiffs about a potential briefing schedule to propose to the Court.

      Respectfully submitted,

      /s/

      David B. Hamilton


DBH:nlw
cc:    All Counsel of Record (via CM/ECF)