

SHAPIRO
SHER
GUINOT &
SANDLER

Robert B. Levin
Direct Dial: 410.385.4285
rbl@shapirosher.com

36 S. Charles Street
Suite 2000
Baltimore, Maryland
21201-3147
Telephone: 410.385.0202
Facsimile: 410.539.7611

April 12, 2013

***VIA CM/ECF***

Honorable Richard D.  Bennett
UNITED STATES DISTRICT COURT
 DISTRICT OF MARYLAND
101 West Lombard Street, Chambers 5D
Garmatz Federal Courthouse
Baltimore, Maryland 21201

> Re: *In re Titanium Dioxide Antitrust Litigation*
>      Master Dkt. No.  10-CV-318 (RDB)

Dear Judge Bennett:

Plaintiffs submit this letter in response to Defendants' letter filed yesterday (Dkt. No. 417).  Plaintiffs request that the Court reserve time following the April 17, 2013 hearing to provide guidance regarding Defendants' renewed Motion to Amend the Class Definition.

## I.      The Briefing Schedule for Defendants' Motion

As directed by the Court at the March 4, 2013 status conference, Plaintiffs met and conferred with Defendants.  Plaintiffs offered that they were open to *any* proposal, so long as the schedule did not conflict with the briefing schedule the Court established for Defendants' forthcoming dispositive motions, which—ignoring the voluminous supporting evidentiary material—Defendants represent will total 175 pages in length.

In order to avoid conflicts with the dispositive motion schedule, Plaintiffs suggested either: (1) Defendants file any new motion with respect to the issues raised by their previous Motion to Amend at least ten days prior to the April 19, 2013 deadline for dispositive motions, or (2) Plaintiffs' response be due at least ten days after they respond to Defendants' dispositive motions on May 17, 2013.

Instead, Defendants proposed a schedule that squarely and unnecessarily conflicts with the dispositive motion schedule.  Defendants propose: (1) Defendants file their new motion April 18, and (2) Plaintiffs respond by May 13.

Defendants' proposal is unworkable and needlessly prevents Plaintiffs from devoting

1091934.1

Honorable Richard D.  Bennett
April 12, 2013
Page 2

their full resources to opposing Defendants' voluminous motions for summary judgment.  There is no legitimate reason why Defendants cannot accommodate Plaintiffs' reasonable request that they not be required to oppose voluminous briefing at the same time.  Defendants state that they could not have filed a motion any sooner because they need until April 18 "to gather the supporting materials for the motion. . . ."  Actually, Defendants have had over three years since Plaintiffs filed their class action complaint to compile and organize their arguments and any evidence supporting these claims, which are in reality tardy affirmative defenses.  Even if Defendants' vague assertion that they "procedurally" must file any motion before dispositive motions are briefed were correct—and it is not[1]—Defendants present no reason why Plaintiffs should not be permitted to oppose the motion after Plaintiffs have had the opportunity to oppose the voluminous dispositive motions.  Therefore, Defendants' proposal is not, as they claim, "inevitable," but instead reflects a strategic decision caused by Defendants' scheduling preferences, which disadvantage Plaintiffs.

Plaintiffs propose the following schedule, which gives them a modest, ten-day period after filing their summary judgment opposition to respond to Defendants' motion:

Initial motion:  April 18, 2013

Opposition:  May 28, 2013

Reply:  June 7, 2013

## II.     Defendants' Motion Conflicts with the Court's Guidance and Promises to be Procedurally Unsound.

When the Court denied Defendants' Motion to Amend the Class Definition as not ripe for review (Dkt. No. 366), the Court provided guidance as to how the parties should proceed. Defendants have indicated they will not follow that guidance.

The Court indicated that it was inclined to follow the procedure set forth in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 07-1827, 2011 WL 1753784 (N.D. Cal. May 9, 2011) ("*TFT-LCD*").  In that case, the court deferred consideration of purported contractual provisions until after the opt-out period had expired.  *Id.*  Following the expiration of the opt-out period, the defendants filed proper motions to compel arbitration (*see, e.g.*, Dkt. No. 3018) that were duly opposed by the class members actually affected by those purported arbitration provisions (*see, e.g.*, Dkt. No. 3117).  Based on adequate briefing, the Court ruled on the motions.  *See, e.g.*, Dkt. No. 3613.

Defendants, however, have stated through the meet-and-confer process that ***they do not***

---

[1] Defendants do not suggest there is any substantive overlap between their dispositive motions with respect to the merits of the price-fixing claims and the motion with respect to forum selection, jury waiver, or arbitration.

Honorable Richard D.  Bennett
April 12, 2013
Page 3

intend to follow the process set forth in *TFT-LCD*.  Instead, Defendants plan to file a motion substantially identical motion to the previously-filed motion.  Defendants' renewed motion will therefore be a procedurally improper method of testing the agreements at issue, for the same reasons Plaintiffs briefed in response to the prior motion.  If Defendants seek to enforce purported forum selection clauses and transfer cases to another forum, to compel arbitration of claims, or to enforce jury waivers,[2] they must so move and the Court would then have a procedurally proper request for relief to address.

　　　　We look forward to addressing these matters with the Court and counsel on April 17, 2013.

　　　　　　　　　　　　　　　　　　Respectfully yours,

　　　　　　　　　　　　　　　　　　/s/ Paul Mark Sandler
　　　　　　　　　　　　　　　　　　/s/ Robert B.  Levin

cc:　　All counsel of record (via CM/ECF)

---

[2] Furthermore, the right to a jury trial of absent class members obviously cannot be adjudicated without giving them notice and the opportunity to present their own evidence and be heard.

1091934.1