IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE TITANIUM DIOXIDE ANTITRUST LITIGATION | * * * | |
| * * * * * * * * | * * | CIVIL ACTION NO.: RDB-10-0318 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | * * * | |
| * * * * * * * * | * * * * * * * | |

## ORDER

Pending before this Court are Motions *in Limine* filed by the class representatives Haley Paint Company and Isaac Industries, Inc., and Intervening Plaintiff East Coast Colorants, LLC, doing business as Breen Color Concentrates, and the class of titanium dioxide purchasers whom they represent (collectively, "Plaintiffs"), and by the Defendants Kronos Worldwide Inc. ("Kronos"), and Cristal USA Inc., formerly known as Millennium Inorganic Chemicals, Inc. ("Millennium") (collectively, "Defendants").  A hearing was held on August 26 and 27, 2013 ("Hearing"), during which the Plaintiffs and the Defendants jointly submitted a document stipulating as to several of the pending motions ("Stipulation").  For the reasons stated on the record at the Hearing, it is this 28th day of August 2013, ORDERED that:

A.   Plaintiffs' Omnibus Motions *in Limine* (ECF No. 471) are GRANTED IN PART, DENIED IN PART, and MOOT IN PART, specifically:

    1.   Motion *in Limine* No. 1 is GRANTED;

    2.   Motion *in Limine* No. 2 is MOOT by Stipulation ¶ 5;

    3.   This Court WITHHOLDS RULING on Motion *in Limine* No. 3, which will be addressed at a subsequent hearing, to be held on September 4, 2013;

1

4.  Motion *in Limine* No. 4 is MOOT by agreement of counsel;

5.  Motion *in Limine* No. 5 is DENIED;

6.  Motion *in Limine* No. 6 is MOOT by agreement of counsel;

7.  Motion *in Limine* No. 7 is DENIED;

8.  Motion *in Limine* No. 8 is WITHDRAWN;

9.  Motion *in Limine* No. 9 is DENIED;

10. Motion *in Limine* No. 10 is GRANTED;

11. Motion *in Limine* No. 11 is MOOT by Stipulation ¶ 7;

12. Motion *in Limine* No. 12 is GRANTED;

13. Motion *in Limine* No. 13 is GRANTED;

14. Motion *in Limine* No. 14 is MOOT by agreement of counsel;

15. Motion *in Limine* No. 15 is MOOT by agreement of counsel;

16. Motion *in Limine* No. 16 is DENIED;

17. Motion *in Limine* No. 17 is DENIED;

18. This Court WITHHOLDS RULING on Motion *in Limine* No. 18, which will be addressed at a subsequent hearing, to be held on September 4, 2013;

19. Motion *in Limine* No. 19 is DENIED;

20. Motion *in Limine* No. 20 is DENIED AS MOOT;

21. Motion *in Limine* No. 21 is MOOT by agreement of counsel;

22. Motion *in Limine* No. 22 is MOOT by agreement of counsel;

23. Motion *in Limine* No. 23 is MOOT by agreement of counsel;

24. Motion *in Limine* No. 24 is GRANTED;

25. Motion *in Limine* No. 25 is MOOT by agreement of counsel;

26. Motion *in Limine* No. 26 is MOOT by agreement of counsel;

27. Motion *in Limine* No. 27 is GRANTED;

28. Motion *in Limine* No. 28 is MOOT by Stipulation ¶ 1;

29. Motion *in Limine* No. 29 is GRANTED IN PART and MOOT IN PART by agreement of counsel;

30. Motion *in Limine* No. 30 is WITHDRAWN; and

31. Motion *in Limine* No. 31 is MOOT by agreement of counsel.

B. Defendants' Joint Motions *in Limine* Concerning Damages (ECF No. 473) are GRANTED IN PART and WITHDRAWN IN PART, specifically:

1. The Motion to Exclude Evidence of Damages After December 2010 is GRANTED; and

2. The Motion to Exclude Evidence of Aggregate Damages Calculations in Dr. Lamb's Report is WITHDRAWN.

C. Defendants' Joint Motions *in Limine* Concerning Alleged Spoliation of Evidence (ECF No. 477) are DENIED IN PART and MOOT IN PART, specifically:

1. The Motion to Exclude Evidence Concerning Any Party or Non-Party's Document Retention Practices and Deficiencies in Document Production is DENIED;

2. The Motion to Exclude Evidence Concerning Lack of Contemporaneous Documents and Absence Raising Inference of Wrongdoing is DENIED as to TDMA meeting minutes, and MOOT as to the e-mail account of Ian Edwards; and

3. Motion to Exclude Evidence Concerning Instructions to Destroy Evidence is DENIED.

D. Defendants' Joint Motions *in Limine* Regarding "Co-Conspirators" (ECF No. 474) are GRANTED IN PART, DENIED IN PART, and MOOT IN PART, specifically:

1. Motion to Exclude Evidence of Settlement or Settlement Discussions is MOOT by Stipulation ¶ 7;

2. Motion to Exclude Evidence of Previous Antitrust Investigations, Lawsuits, Fines, and Settlements is MOOT by Stipulation ¶ 2;

3. Motion to Exclude References to "Cartel," "Cartel Members," "Conspirators," "Co-Conspirators," or Other Pejorative Terms is DENIED;

4. Motion to Exclude Evidence that any Employee Was Terminated for any Reason Relevant to this Litigation is MOOT by agreement of counsel;

5. Motion to Preclude Plaintiffs from Suggesting that Increased Titanium Dioxide Prices Injured Downstream Customers is MOOT; and

6. Motion to Exclude Argument that Defendants Exchanged Confidential Information Because Defendants Designated Documents Confidential Under Stipulated Protective Order When They Were Produced is GRANTED.

E. Defendant Kronos's Motions *in Limine* (ECF No. 475) are MOOT, specifically:

1. Motion to Exclude Reference to Kronos Majority Shareholder Howard Simmons's Net Worth or Activities Outside Kronos is MOOT by Stipulation ¶ 4;

2. Motion to Exclude Evidence Concerning Mr. Simmons's Other Litigation is MOOT by Stipulation ¶ 3; and

3. Motion to Exclude Reference to Kronos's Compensation of Jim Fisher is WITHDRAWN.

F. Defendants' Joint Motions *in Limine* Concerning Witnesses (ECF No. 476) are GRANTED IN PART and MOOT IN PART, specifically:

1. Motion to Preclude Parties from Using Deposition Video When Witnesses Are Available is WITHDRAWN;

2. Motion to Exclude Argument of Negative Inference from Witness Not Appearing Live is MOOT by Stipulation ¶ 6; and

3. Motion to Exclude Evidence Regarding DuPont's Paying of Jim Fisher's Legal Fees or that Defendants' Paying of Former Employees' Legal Fees is GRANTED.

G. Defendants' Joint Motions *in Limine* Concerning Scope of Testimony and Arguments (ECF No. 478) are MOOT, specifically:

1. Motion to Exclude any Argument that Regression Analyses Demonstrate the Existence of a Conspiracy is MOOT by agreement of counsel;

2. Motion to Exclude Evidence Concerning Other Cases to Establish What Types of Activities Are Collusive is MOOT by agreement of counsel;

3. Motion to Exclude Argument that Financial Information Produced by Defendants Is Unreliable or Inaccurate is WITHDRAWN; and

4. Motion to Exclude Evidence that Alleged Conspiracy Began Prior to March 2002 is WITHDRAWN.

H. Defendants' Joint Motions *in Limine* Concerning the Global Statistics Program (ECF No. 479) are GRANTED IN PART and DENIED IN PART, specifically, this Motion is GRANTED to the extent that evidence of non-party Huntsman International LLC's alleged non-disclosure of the Global Statistics Program to the Federal Trade Commission is EXCLUDED; and

I. The Clerk of the Court is directed to transmit copies of this Order to the parties.


_____/s/_____

Richard D. Bennett
United States District Judge