FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 10 P 1: 29

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN RE: TITANIUM DIOXIDE ANTITRUST LITIGATION | Master Docket No. 10–CV–00318(RDB) |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

RPS [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS HUNTSMAN INTERNATIONAL, LLC, E. I. DU PONT DE NEMOURS AND COMPANY, CRISTAL USA INC., AND KRONOS WORLDWIDE, INC.; APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARINGS

Upon review of (i) Plaintiffs' separate Motions for Preliminary Approval of Class Action Settlement (the "Motions") with Defendants Huntsman International, LLC ("Huntsman"), E. I. du Pont de Nemours and Company ("DuPont"), Cristal USA Inc. ("Cristal"), and Kronos Worldwide, Inc. ("Kronos"); (ii) the Settlement Agreement and Release dated July 15, 2013 between Plaintiffs and Huntsman ("Huntsman Settlement Agreement"); (iii) the Settlement Agreement and Release dated August 6, 2013 between Plaintiffs and DuPont ("DuPont Settlement Agreement"); (iv) the Settlement Agreement and Release dated September 8, 2013 between Plaintiffs and Cristal ("Cristal Settlement Agreement"); (v) the Settlement Agreement and Release dated September 9, 2013 between Plaintiffs and Kronos ("Kronos Settlement Agreement") (together, the "Settlement Agreements"); (vi) the proposed forms of notice to the Class,; (vii) Class Counsel's proposed Proof of Claim form; (viii) the pleadings and other papers

filed in these Actions; and (ix) the arguments of counsel, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, (i) capitalized terms referencing the Huntsman settlement shall have the meanings ascribed to those terms in the Huntsman Settlement Agreement; (ii) capitalized terms referencing the DuPont settlement shall have the meanings ascribed to those terms in the DuPont Settlement Agreement; (iii) capitalized terms referencing the Cristal settlement shall have the meanings ascribed to those terms in the Cristal Settlement Agreement; and (iv) capitalized terms referencing the Kronos settlement shall have the meanings ascribed to those terms in the Kronos Settlement Agreement.

2. The Court has jurisdiction over the Action (and all actions and proceedings consolidated in the Action), Plaintiffs, Class Members, Huntsman, DuPont, Cristal, and Kronos, and all Releasors and Releasees.

3. The Court finds that the proposed settlements between Plaintiffs, on behalf of the Class defined in Definition (c) in the Huntsman Settlement Agreement and Paragraph 1(d) of the DuPont Settlement Agreement, the Cristal Settlement Agreement, and the Kronos Settlement Agreement, and by Order of this Court dated August 28, 2012 ("Class"), and (i) Huntman, (ii) DuPont, (iii) Cristal, and (iv) Kronos, as set forth in the respective Settlement Agreements, appear, upon preliminary review, to be sufficiently fair, reasonable, and adequate as to warrant notice to the Class. Accordingly, all four of the proposed settlements are hereby preliminarily approved. The Court further finds that notice of all four proposed settlements shall be provided to the Class, and a final approval hearing with respect to all four proposed settlements should be held on November 25, 2013, at 10 a.m., as set forth below. The Court also finds that all four Settlement Agreements appear to be the product of arm's length, informed, non-collusive

negotiations between experienced and knowledgeable counsel, who have actively prosecuted and contested this litigation for more than three years. In accordance with the schedule outlined below, Class Counsel shall seek entry of an Order of Final Approval with respect to each of the four proposed settlements, together with Final Judgments as to all claims of the Class against Huntsman, DuPont, Cristal, and Kronos, dismissing this Action and all claims therein against Huntsman, DuPont, Cristal, and Kronos with prejudice as to all Class members.

4. For litigation purposes, this Court entered an Order dated August 28, 2012, certifying a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, which includes all persons and entities who purchased Titanium Dioxide in the United States directly from one or more Defendants or Tronox Inc., or from any predecessors, parents, subsidiaries, or affiliates thereof, between February 1, 2003 through the January 11, 2013 date of the Notice of Pendency of Class Action ("Notice of Pendency"), except those who validly and timely exercised the right to exclude themselves from the certified class by February 25, 2013. Also excluded from the Class are Defendants, their alleged co-conspirators, parent companies, predecessors, subsidiaries and affiliates, and all governmental entities. In its August 28, 2012 Order, the Court found that all requirements of Rule 23(a) were met. In addition, the Court found that this Action is maintainable under Rule 23(b)(3) because common questions and issues predominate over individual ones and that class resolution is superior to other available methods for the fair and efficient adjudication of this controversy. The Fourth Circuit denied Defendants' Petition for Review pursuant to Rule 23(f) on November 14, 2012. On August 6, 2013, the Court ordered a stay of all proceedings in this litigation as to Huntsman and DuPont, other than in connection with settlement proceedings. Similar stay orders with respect to Cristal and Kronos were entered on September 3, 2013 and September 9, 2013, respectively.

5.     In accordance with the Court's Order Approving Dissemination of Class Notices and Setting Deadlines dated December 5, 2012, Court-approved notice of the pendency of the Action as a class action was disseminated to the Class, and Class members were given a full and fair opportunity to exclude themselves from (opt out of) the Class. Those individuals or entities who timely excluded themselves from the Class by February 25, 2013 shall not be bound by the terms of the Settlement Agreements, nor, should those Settlement Agreements become final, by entry of Final Judgments as to Huntsman, DuPont, Cristal, and Kronos.

6.     The Court hereby approves the Notice of Proposed Settlements of Class Action and Hearing on Final Settlement Approval, Plan of Allocation, Application for Attorneys' Fees and Request for Reimbursement of Costs and Litigation Expenses and for Service Awards to the Class Representatives, attached hereto as **Exhibit A**, as well as the Summary Notice of same, attached hereto as **Exhibit B** (collectively, the "Settlement Notices"), and finds that the dissemination of those Settlement Notices in the manner and form set forth in Plaintiffs' Motions for Preliminary Approval fully satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court further approves the Proof of Claim form attached hereto as **Exhibit C**.

7.     The prior Notice of Pendency, dated January 11, 2013, was disseminated on or about that date at the direction of the Court. The Notice of Pendency satisfied the requirements of Rule 23(c)(2)(B) and due process. The Notice of Pendency provided for an opt-out right, which expired on February 25, 2013. The Court finds in the exercise of its discretion pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure, that a second opt-out right is neither

necessary or appropriate. The Court notes that the settling parties are in agreement that a second opt-out opportunity is neither necessary or appropriate.

8. Class Counsel shall cause the Settlement Notices to be disseminated following the entry of this Order. Specifically, the notice attached hereto as Exhibit A shall be disseminated via first-class regular U.S. mail to the last known address of each Class Member reasonably identifiable on or before September 19, 2013, and the notice attached hereto as Exhibit B shall be disseminated by publication on or before October 7, 2013 as follows: once in *The Wall Street Journal*; once in *PCI Magazine* (also known as Paint & Coatings Industry Magazine); and once in *ICI Chemical Business* magazine. No later than October 18, 2013, Class Counsel shall file with the Court proof of mailing of the Settlement Notices ordered herein, in the form of an Affidavit of Compliance with Notice Requirements.

9. The Court hereby appoints Gilardi & Co. LLC, the company the Court previously appointed to administer the Notice of Pendency, as administrator (the "Claims Administrator") to assist Class Counsel in disseminating the Settlement Notices to the Class. In addition, the Claims Administrator shall continue to maintain the website, www.tio2antitrustlitigation.com, which will provide both the detailed (Exhibit A) and summary (Exhibit B) notices, the Proof of Claim (Exhibit C), answers to "Frequently Asked Questions," and other pertinent information related to this litigation. If requested by a Class member, the Claims Administrator shall mail the Settlement Notices to that Class member.

10. All Class members who timely excluded themselves from the Class will be ineligible to receive any benefits under the Settlement Agreements and are not bound by any further orders or judgments entered herein, including in relation to the Settlement Agreements.

11.     All Class members who did not properly and timely request exclusion from the Class shall, upon entry of the Orders of Final Approval, be bound by all the terms and provisions of (i) the Huntsman Settlement Agreement; (ii) the DuPont Settlement Agreement, (iii) the Cristal Settlement Agreement, and (iv) the Kronos Settlement Agreement, whether or not such Class members objected to the settlements and whether or not such Class members applied for or received consideration under the Settlement Agreements.

12.     A hearing on final approval of all four of the proposed settlements (the "Final Approval Hearing") shall be held before the Court at 10:00 a.m. on November 25, 2013, in Courtroom 5D of the United States District Court for the District of Maryland, Northern Division, 101 W. Lombard Street, Baltimore, MD 21201. At the hearing, the Court will consider: (a) whether the proposed settlements are fair, reasonable, and adequate and should be granted final approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; and (b) entry of the Orders of Final Approval and Final Judgment with respect to each settlement, with the timing of such entry to comply, in the case of each Settling Defendant, with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

13.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, such adjournment shall not alter the deadlines for mailing and publication of the Settlement Notices, nor the deadlines for submissions of settlement objections or notices of intention to appear at the Final Approval Hearing, unless those dates are explicitly changed by subsequent Order.

14.     All briefs, memoranda, affidavits, and other materials in support of the final approval of each of the settlements and the entry of Final Judgment with respect to each

settlement shall be filed with the Court in accordance with the schedule set forth in Paragraph 18 herein.

15. Any person or entity who did not elect to be excluded from the Class (that is, any member of the Class) may, but need not, enter an appearance through his, her, or its own attorney. Class Counsel will continue to represent Class members who do not timely object and do not have an attorney enter an appearance on their behalf.

16. Any person or entity who did not elect to be excluded from the Class may, but need not, submit comments or objections to: (a) the Settlement Agreements, (b) Class Counsel's proposed Plan of Allocation of settlement funds, (c) the application of Class Counsel for attorneys' fees and reimbursement of costs and expenses, (d) the application for service awards for the Class Representatives, and/or (e) the entry of Orders of Final Approval with respect to the Settlement Agreements, or Final Judgments as to all of the claims of the Class against Huntsman DuPont, Cristal, and Kronos, dismissing this Action and all claims therein against Huntsman, DuPont, Cristal, and Kronos with prejudice as to all Class members, by mailing a written comment or objection to the addresses provided by the Claims Administrator in the Settlement Notices.

17. Class members who wish to object to the Settlement Agreements and/or wish to appear in person at the Final Approval Hearing must send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the addresses provided by the Claims Administrator in the Settlement Notices. If counsel is appearing on behalf of more than one Class member, counsel must identify each such Class member and each Class member must have

complied with this Order. To be valid, any such Objection and/or Notice of Intention to Appear and Summary Statement must be received no later than November 4, 2013. Except as herein provided, no person or entity shall be entitled to contest the terms of the Settlement Agreements. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a summary statement as provided above shall be deemed to have waived any objection to (a) the Settlement Agreements and the settlements contemplated thereby, (b) the releases (pursuant to Paragraph 7 of the Huntsman Settlement Agreement, and Paragraph 13 of the DuPont Settlement Agreement, the Cristal Settlement Agreement, and the Kronos Settlement Agreement); (c) Class Counsel's proposed Plan of Allocation of settlement funds; (d) Class Counsel's application for attorneys' fees and reimbursement of costs and expenses, (e) service awards for the Class Representatives, and (f) entry of the Orders of Final Approval and Final Judgment.

18. The schedule by which the events referenced above shall occur is as follows:

| EVENT | SCHEDULE |
| --- | --- |
| Notice of Class Action Settlement (Exhibit A) to Be Mailed and Posted on Internet | September 19, 2013 |
| Summary Notice of Class Action Settlement (Exhibit B) to Be Published | October 7, 2013 |
| Motions for Final Approval of Class Action Settlements, Plan of Allocation, and Reimbursement of Costs and Expenses, and Service Awards to the Class Representatives to Be Filed by Class Counsel, together with Affidavit of Compliance with Notice Requirements | October 18, 2013 |
| Receipt/Filing Deadline for Comments and Objections | November 4, 2013 |
| Opposition(s), if any, to Motions for Final Approval of Class Action Settlements, Plan of Allocation, and Reimbursement of Costs and | November 4, 2013 |

| | |
|---|---|
| Expenses, and Service Awards to the Class Representatives | |
| Service/Filing of Notices of Appearance at Final Approval Hearing | November 4, 2013 |
| Replies in Support of Motions for Final Approval of Class Action Settlements, Plan of Allocation, and Reimbursement of Costs and Expenses, and Service Awards to the Class Representatives, only in the event Objections to the Motions are Filed | November 18, 2013 |
| Final Approval Hearing | November 25, 2013 at 10 a.m. |
| Deadline to Submit Proof of Claim | January 31, 2014 |

19. All proceedings in the Action against Huntsman and DuPont have previously been stayed by Order dated August 6, 2013, and as to Cristal by Order dated September 3, 2013, and as to Kronos by Order dated September 9, 2013, and continue to be stayed until such time as the Court renders a final decision regarding the approval of the settlements and, if it approves the settlements, enters Final Judgments with respect to each settlement and dismisses the Action and all claims therein against Huntsman, DuPont, Cristal, and Kronos, with prejudice as to all Class members. Moreover, in accordance with Paragraph 6 of the Huntsman Settlement Agreement and Paragraph 14 of the DuPont Settlement Agreement, the Cristal Settlement Agreement, and the Kronos Settlement Agreement, all Class members are hereby enjoined from commencing, instituting, or enforcing any Released Claim (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum between now and entry of the Orders of Final Approval or termination of the Settlement Agreements, whichever occurs earlier. This stay and injunction is necessary to protect and effectuate the Settlement Agreements, and the settlements contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreements and to enter the Orders of Final Approval and Final

Judgments when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

20.   In the event that any of the provisions of this Preliminary Approval Order is asserted by Huntsman, DuPont, Cristal, and Kronos as a defense in whole or in part to any claim, or is otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or other proceeding brought by a Class member or any entity acting on behalf of a Class member, that suit, action or other proceeding shall be immediately stayed and enjoined until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion, and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. This part of this Preliminary Approval Order is necessary to protect and effectuate the Settlement Agreements, and the settlements contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreements and to enter the Orders of Final Approval and Final Judgments when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

21.   In the event that the Settlement Agreements do not become final, then, subject to approval of the Court, litigation of the Action against Huntsman and/or DuPont and/or Cristal and/or Kronos, as the case may be, will resume in a reasonable manner to be approved by the Court.

22. In the event that the Huntsman Settlement Agreement, the DuPont Settlement Agreement, the Cristal Settlement Agreement, and/or the Kronos Settlement Agreement is terminated, pursuant to the applicable provisions of that Settlement Agreement, then that Settlement Agreement and all related proceedings shall, except as expressly provided in that Settlement Agreement, become void and shall have no further force or effect, and Plaintiffs shall retain all of their current rights against the counterparty to that terminated Settlement Agreement, and that counterparty shall retain any and all of its current defenses and litigation posture, including but not limited to being able to renew and reassert all motions by or on behalf of that counterparty that were pending as of the date of the settlement in principle between the parties, namely July 15, 2013 in the case of Huntsman, July 26, 2013 in the case of DuPont, September 3, 2013 in the case of Cristal, and September 6, 2013 in the case of Kronos. The Action shall thereupon revert forthwith to its respective procedural and substantive status prior to those dates, as applicable, and shall proceed as if the Settlement Agreement in question had not been executed.

23. Neither this Order nor the Settlement Agreements, nor any other settlement-related document nor anything contained or contemplated therein, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Huntsman, DuPont, Cristal, and Kronos as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter encompassed by the Settlement Agreements.

24.     All notices required to be given by either Huntsman, DuPont, Cristal, and Kronos pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, shall be given by no later than September 13, 2013.

Dated: September 10, 2013

SO ORDERED.

*/s/ Richard D. Bennett*

Richard D. Bennett
United States District Judge