UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN RE TITANIUM DIOXIDE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions | Master Docket No. 10-CV-00318 (RDB)<br>Honorable Richard D. Bennett |

## DEFENDANTS' RESPONSE TO MOTION TO INTERVENE AND TO RECONSIDER

Defendants E. I. du Pont de Nemours and Company ("DuPont"), Cristal USA Inc., formerly known as Millennium Inorganic Chemicals Inc. ("Millennium"), Kronos Worldwide, Inc. ("Kronos"), and Huntsman International LLC ("Huntsman") (collectively, "Defendants") hereby file this response to Indirect Purchaser Plaintiffs'[1] Motion to Intervene and to Reconsider (Dkt. 539), and respectfully state as follows:[2]

### I. Defendants Do Not Object to the Production of Documents to Indirect Purchaser Plaintiffs Pursuant to the Protective Orders.

While Defendants do not object to Indirect Purchaser Plaintiffs' Motion to Intervene and to Reconsider to the extent it seeks production of documents filed under seal in this matter, subject to the Protective Orders entered by this Court and the Northern District of California in

---

[1] Terms defined in Indirect Purchaser Plaintiffs' Motion to Intervene and to Reconsider shall have the same definitions herein.

[2] Defendants have not filed an answer or otherwise responded to Indirect Purchaser Plaintiffs' Complaint in the California Litigation. By filing this Response, Defendants do not waive any rights they have to respond to the Complaint, including but not limited to rights pursuant to Federal Rule of Civil Procedure 12.

1

the California Litigation,[3] the Plaintiffs in this case objected to the production of those documents.  Pursuant to the Protective Order entered in the California Litigation and Federal Rule of Civil Procedure 26, Defendants agreed to produce documents filed under seal in this case to the Indirect Purchaser Plaintiffs, and Judge Orrick presiding over the California Litigation so ordered.  Thus, Defendants maintain no objection to production of such documents to the Indirect Purchaser Plaintiffs pursuant to the relevant Protective Orders.  In that regard, Defendants do not oppose Indirect Purchaser Plaintiffs' Motion to Intervene and Reconsider the Protective Order issued on August 27, 2013, but oppose wholesale unsealing of the documents as outlined below.  In light of the settlement of this litigation, Defendants respectfully request that the Court simply vacate as moot its August 27, 2013 order (Dkt. 512) and permit the orderly production of materials to the Indirect Purchaser Plaintiffs as ordered by Judge Orrick in the California Litigation.

## II.     Indirect Purchaser Plaintiffs' Alternative Request to Unseal Documents Should be Denied.

Defendants do, however, object to Indirect Purchaser Plaintiffs' motion to the extent it seeks alternative relief in the form of an order from this Court unsealing voluminous court filings and their attachments because many of those documents contain highly confidential information that were filed under seal pursuant to a Protective Order issued from this Court.[4]  This Court spent significant time and resources managing this litigation, which yielded millions of pages of discovery and voluminous attachments to briefs.  It was the practice of this Court throughout this

---

[3] *See* Dkt. 198 (Stipulated Protective Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material) (hereafter, "Protective Order");  Dkt. 539, Indirect Purchaser Plaintiffs' Ex. D (Order Granting Motion for Protective Order in the California Litigation).

[4] The documents Indirect Purchaser Plaintiffs seek to unseal are enumerated at pages 2-3 of the Motion to Intervene (Dkt. 539).

litigation to permit the parties to file under seal documents designated in discovery as containing confidential information pursuant to the Protective Order. *See, e.g.,* Dkt. 220 (January 4, 2012 Letter Order confirming teleconference and permitting the filing of a motion under seal and noting that redacted papers are not necessary); Dkt. 236 (February 2, 2012 Letter to Counsel from the Court stating that class certification papers may be filed under seal without a separate motion to seal). The Court should not reverse these orders and now unseal many records that contain Defendants', and in some cases non-parties', confidential and commercially sensitive information.

The Protective Order in this case reflects this Court's previous determination that good cause exists to ensure that certain information be filed under seal and remain out of the public domain. ECF No. 198 at 7 (¶4); *accord* FED. R. CIV. P. 26(c). Specifically, this Court found that "the Action will involve the production of a significant volume of documents among and between actual and potential competitors and their customers" and that "the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment." ECF No. 198 at 1-2.

The Court has considerable discretion in finding good cause for documents to be filed under seal. "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information

contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-608 (1978)). Keeping certain court records under seal is particularly appropriate when they contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted). "[D]ocuments containing trade secrets and proprietary information are often placed under seal…." *Erichsen v. RBC Capital Markets, LLC*, 883 F. Supp. 2d 562, 574 (E.D.N.C. 2012) (citing *Nixon*).

Here, the documents Indirect Purchaser Plaintiffs seek to unseal contain confidential, commercially sensitive information, as well as detailed analyses of such information, the confidentiality of which must be maintained to protect Defendants' business operations. For example, the filings at issue contain:

- copies of numerous contracts between Defendants and their customers, all of which contain details of Defendants' confidential contractual terms with specific customers that are not known to competitors or other customers;

- detailed data concerning each Defendants' variable costs as reflected, for example, in the parties' expert reports;

- customer-level and producer-specific price and volume information for many of Defendants' customers;

- voluminous internal records reflecting Defendants' individual pricing decisions concerning specific customers; and

- confidential and commercially sensitive documents and data produced by third parties, including Tronox, who produced documents subject to the Protective Order and have not had an opportunity to state their position on Indirect Purchaser Plaintiffs' request to unseal their confidential information.

Indirect Purchaser Plaintiffs' request to unseal these documents on the basis of common law and the First Amendment is not proper because good cause exists to keep the parties' highly sensitive business information sealed. Indirect Purchaser Plaintiffs' proposal would allow each Defendants' confidential and commercially sensitive information to be fully available not only to the other Defendants who are direct competitors, but to other competitors, such as Tronox, who were not a party to this case. Further, the information contained in the sealed documents, which includes confidential business records related to Defendants' business with customers, would also be publicly available to customers. Such broad disclosure would inevitably significantly disadvantage Defendants in the marketplace and harm their ongoing business relationships with customers.

This damage to Defendants' legitimate commercial interests is unnecessary because the Court can simply vacate its prior motion as moot, which would permit the orderly discovery process that Judge Orrick in the California Litigation has ordered. Nothing about the posture of this case changes the fact that there was and continues to be good cause for those records to be filed under seal. The Court's written opinions on the motions at issue provide ample detail of the record for non-parties or members of the public to assess the decisions of this Court in this litigation. Unsealing Defendants' records serves no legitimate purpose, but would cause serious commercial harm to Defendants. Furthermore, other than vacating the Court's August 27, 2013 order, there is no reasonable less restrictive means of preserving the confidentiality of Defendants' commercially sensitive information that pervades the thousands of pages of filed materials at issue.

In a case analyzing whether "confidential, proprietary, commercial, or financial data" documents attached to a summary judgment motion should be unsealed, the United States Court

of Appeals for the Fourth Circuit affirmed the district court's decision to deny a motion to unseal documents that were sealed pursuant to a stipulated protective order. *Pittston Co. v. U.S.*, 368 F.3d 385 (4th Cir. 2004). In its motion to unseal the documents, the moving party – like the Indirect Purchaser Plaintiffs here – argued that unsealing the records "promoted the public's interest to access" and relied on the Fourth Circuit's decision in *Rushford v. New Yorker Magazine,* 846 F.2d 249 (4th Cir. 1988), a case also relied on by Indirect Purchaser Plaintiffs. The district court rejected the analogy to the New Yorker magazine scenario because the moving party already had access to the sealed information. *Pittston Co.,* 368 F.3d at 406. The Indirect Purchaser Plaintiffs similarly will have access to the sealed information because Defendants have agreed to produce to them the sealed documents in this action subject to a protective order and in accordance with Judge Orrick's order in the California Litigation. Because Defendants have agreed to this production and good cause exists to limit unfettered dissemination of Defendants' confidential, commercially-sensitive information into the public domain, Defendants respectfully request that the Court deny Indirect Purchaser Plaintiffs' alternative request that any documents should be unsealed.[5]

## CONCLUSION

For all of the reasons set forth herein, Defendants request that the Court deny Indirect Purchaser Plaintiffs' request to unseal certain documents filed in this litigation.

---

[5] If this Court is inclined to unseal the documents (it should not, for the reasons outlined above), Defendants request an opportunity to submit a brief explaining, on a document-by-document basis, the necessity and propriety of continuing to seal the confidential information contained in the subject documents.

Respectfully submitted,


/s/ Paul E. Coggins
Paul Edward Coggins
pcoggins@lockelord.com
Kelly Rothermel Vickers
kvickers@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Andrew Jay Graham (00080)
agraham@kg-law.com
Ezra S. Gollogly (28088)
egollogly@kg-law.com
James P. Ulwick (00536)
julwick@kg-law.com
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, MD  2102
Telephone: (410) 752-6030
Facsimile: (410) 539-1269

*Attorneys for Defendant Kronos Worldwide Inc.*

Kent A. Gardiner
kgardiner@crowell.com
Shari Ross Lahlou
slahlou@crowell.com
John Luke Cuddihy
jcuddihy@crowell.com
Lucy Grace D. Noyola
lnoyola@crowell.com
CROWELL AND MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Evan R Chesler
echesler@cravath.com
Timothy G. Cameron
tcameron@cravath.com
Darin P McAtee
dmcatee@cravath.com,
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, N.Y. 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

James L. Cooper
james.cooper@aporter.com
Ryan Z. Watts
ryan.watts@aporter.com
Justin P. Hedge
justin.hedge@aporter.com
Andrew Treaster
andrew.treaster@aporter.com
ARNOLD AND PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Defendant Cristal USA Inc.*

David T. Harvin
dharvin@velaw.com
James Arthur Reeder, Jr.
jreeder@velaw.com
Erica T. Krennerich
ekrennerich@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: (713) 758-2368
Facsimile: (713) 615-5269

>Justin T. Toth
>jtoth@rqn.com
>Ray Quinney & Nebeker PC
>36 S. State Street, Suite 1400
>Salt Lake City, UT 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>David B. Hamilton
>david.hamilton@wcsr.com
>WOMBLE CARLYLE SANDRIDGE AND RICE PLLC
>250 W. Pratt Street, Suite 1300
>Baltimore, MD 21201
>Telephone: (410) 545-5850
>Facsimile: (410) 545-5801
>
>*Attorneys for Defendant Huntsman International LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 11th day of October, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court of the CM/ECF system will send notification of this filing to all CM/ECF participants. Accordingly, all parties are served in accordance with applicable rules.

>/s/ Paul E. Coggins
>Paul E. Coggins