**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**(Northern Division)**

| | |
|---|---|
| IN RE TITANIUM DIOXIDE ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | No. 10-CV-00318-RDB |

**REPLY IN SUPPORT OF MOTION TO INTERVENE**
**AND FOR RECONSIDERATION**

At issue is whether the Court should permit Defendants to produce copies of filings on the otherwise public docket of this case to plaintiffs in a collateral indirect purchase action – *Los Gatos Mercantile, Inc., et al. v. E.I. DuPont de Nemours & Co., et al.*, No. 3:13-cv-01180-WHO ("California Litigation") – pending in the Northern District of California.[1] The California district court has entered a protective order that counsel for the Indirect Purchaser Plaintiffs (IPP) negotiated with Defendants, and Defendants have no objection to this production. The Direct Purchaser Plaintiffs' (DPP) counsel have objected by obtaining an emergency protective order from this Court and now oppose IPPs' motion to intervene and for reconsideration of the emergency protective order. IPPs respectfully submit that answers to five simple questions demonstrate that this Court should modify its prior ruling and permit

---

[1] On Friday, October 18, the Court in the California Litigation granted IPPs' motion to appoint Jonathan Cuneo of Cuneo, Gilbert & LaDuca, LLP and Don Barrett of Barrett Law Group, P.A. as Interim Co-Lead Counsel for IPPs and the putative class.

production of the filings in unredacted form.

### 1. What are the competing interests?

DPPs' counsel would cast this issue as a clash between their interests and those of the lawyers representing the IPPs. It is not. In reality, the competing interests are those of the DPP lawyers and the IPPs themselves – not undersigned counsel. The IPPs have been harmed by the cartel that the DPPs have so successfully prosecuted, and they seek the information in the sealed court filings to advance the California Litigation and their rights to relief under the Sherman Act and various other states' antitrust laws. These are client-based interests that will lessen the burdens on parties in the California Litigation, speed resolution of that case, and hopefully lessen the burdens on the California district court.

DPPs' opposition does not cite any substantial client-based interests except for those of their attorneys in protecting what they deem to be their "work product." DPPs' lawyers do not demonstrate how any of their clients would or could be injured through this Court's granting of the motion to intervene and production of the sealed filings to the IPPs, and the Court should disregard the pejorative references to IPP counsel as they are irrelevant to the issues.[2]

### 2. What will be the impact on this Court's proceedings?

Granting the IPPs' motion will have no impact on these proceedings. Defendants are prepared immediately to deliver most of the requested filings upon the granting of IPPs' motion, and none of the materials will be used to oppose the proposed settlements or delay the final fairness hearing in November. Moreover, the sealed filings will not be made publicly available as they will be produced subject to the protective order previously entered in the California Litigation. In sum, there will be no

---

[2] Attorneys at Cuneo, Gilbert & LaDuca, LLP and Barrett Law Group, P.A., including Mssrs. Cuneo and Barrett, have worked collaboratively and successfully with Joseph Saveri, Gold Bennett Cera & Sidener LLP, and Lieff Cabraser Heimann & Bernstein, LLP.

burden on DPPs or their counsel, and release will in no way affect the proceedings of this Court.

### 3.     What are DPP counsel's legitimate interests and how do they protect them?

DPP counsels are concerned about "free-riding."  IPP counsel do not question the tremendous job that DPP counsel have done and have the utmost respect for their efforts and achievement. However, compensation for work done in this case should come from the common fund in this case. To that end, DPP counsel are applying for appoximately $60 million from the common fund they created in this case for fees and expenses.

The surprising suggestion that this Court should deny the IPPs information directly relevant to the IPPs' case so that DPP counsel can recover additional fees from an as-yet-to-be-created common fund is contrary to the interests of the putative IPP class and is an overreach.  DPP counsel's apparent desire to gain additional compensation from a hypothetical IPP fund should not be determined prematurely in the abstract, by this Court, but by the California district court, if a fund is ever created, based on actual developments in that case.  *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653-56 (E.D. Pa. 2003) (discussing the appropriate procedures for using a common fund to compensate attorneys).

Any suggestion that court filings shared by DPPs with Defendants are protected work product is incorrect.  The common law "presumes the right of the public to inspect and copy 'all judicial records and documents.'" *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  Thus, once a document is filed in court, it loses all work product protections and becomes presumptively public. *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)).

### 4. Is the IPP motion timely?

Most of the materials IPPs seek access to should have been made public when they were filed. *See Stone*, 855 F.2d at 181-82 (discussing the proper procedure for sealing pleadings and the need to consider alternative to sealing records in full). That applies with particular force to the summary judgment filings. The Fourth Circuit recognizes a First Amendment right of access to documents filed in connection with a summary judgment motion. *See*, *e.g.*, *Rushford v. The New Yorker Magazine*, 846 F.2d at 253 (recognizing the public nature of documents attached to summary judgment motions). To withhold them, a court "must state its reasons for sealing the documents on the records supported by specific findings and the court must state its reasons for rejecting alternatives." *Id*. at 254. IPPs only ask for unsealing in the alternative as there is such a clear line of Fourth Circuit case law supporting the their position.[3] *Id*; *Va. Dep't of State Police v. The Washington Post, et al.*, 386 F.3d 567 (4th Cir. 2004); *In re Washington Post Co.*, 807 F.2d 383 (4th Cir. 1986); *In re Knight Pub. Co.*, 743 F.2d 231, 233 (4th Cir. 1984); *Bayer Cropscience Inc. v. Syngenta Crop Prot.*, LLC, 1:13-CV-316, 2013 WL 5703212 (M.D.N.C. Oct. 17, 2013) (denying in part a motion that sought blanket sealing of a declaration that contained both confidential and non-confidential information and requiring the parties to file a redacted version in the public record). Earlier this week, the Third Circuit recognized in striking down Delaware's secret arbitration procedure that "public access to judicial proceedings provides many benefits." Ex. 1, *Delaware Coal. for Open Gov't v. Strine*, No. 12-3859 ___ F.3d ___ , *18-19 (3rd Cir. Oct. 23, 2013) (quoting *PG Pub. Co. v. Aichele*, 705 F.3d 91, 111 (3d Cir. 2013) (enumerating the

---

[3] The Fourth Circuit also recognizes that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the products of the courts in a given case. It is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Columbus-Amer. Discovery Grp. V. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). That case involved valuables found in a shipwreck, and the party opposing unsealing the records argued that premature publicity of the contents of the ship would diminish their sale value.

benefits of public judicial proceedings)). The need to protect confidential information does not override those benefits as there are procedures to seal those documents while keeping the remainder of the proceedings and the motions public. *See id.* at 19.

### 5. How do other Courts deal with this situation?

The principal case upon which DPP counsel rely strongly supports the IPP position:

> This court strongly favors access to discovery materials to meet the needs of parties engaging in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery . . . . [A] collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant materials should generally be granted.

*Foltz*, 331 F.3d at 1131-32. The line of Fourth Circuit cases cited above likewise supports the granting of IPPs' motions.

### CONCLUSION

The interests of justice strongly favor lifting the Court's previous order prohibiting production of sealed filings to IPPs. IPPs' motion is timely, the documents are highly relevant to the California Litigation, DPPs will suffer no prejudice as a result of the production, and this Court's proceedings will not be delayed. Accordingly, IPPs respectfully request that this Court grant their motions and permit Defendants to produce to IPPs the documents described in their original motion.

Dated: October 24, 2013                    Respectfully submitted,

                                           CUNEO GILBERT & LADUCA LLP

Ben F. Pierce Gore                         */s/ Daniel Cohen*
PRATT & ASSOCIATES                         Daniel Cohen
1871 The Alameda, Suite 425                Jonathan W. Cuneo
San Jose, California 95126                 Joel Davidow
Telephone:  (408) 369-0800                 Katherine Van Dyck
Facsimile:   (408) 369-0752                507 C Street, N.E.
pgore@prattattorneys.com                   Washington, DC 20002
                                           Telephone: (202) 789-3960
Don Barrett                                Facsimile:  (202) 789-1813
Barrett Law Group, P.A.                    dcohen@cuneolaw.com
P.O. Box 927                               jonc@cuneolaw.com
404 Court Square                           joel@cuneolaw.com
Lexington, MS 39095                        kvandyck@cuneolaw.com
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com

Charles F. Barrett                         Sandra Cuneo
Charles Barrett, P.C.                      CUNEO, GILBERT & LADUCA, LLP
6518 Highway 100, Suite 210                11620 Wilshire Boulevard, Suite 900
Nashville, TN 37205                        Los Angeles, CA 90025
Telephone:  (615) 515-3393                 Telephone: (310) 582-5939
Facsimile:   (615) 515-3395                Facsimile:  (310) 582-5943
Email: charles@cfbfirm.com                 scuneo@cuneolaw.com

Thomas P. Thrash                           Dewitt Lovelace
Marcus N. Bozeman                          Lovelace & Associates, P.A.
Thrash Law Firm, P.A.                      12870 US Hwy 98 West, Ste. 200
1101 Garland Street                        Miramar Beach, FL 32550
Little Rock, AR 72201                      Telephone: (850) 837-6020
Telephone: (501) 374-1058                  dml@lovelacelaw.com
tomthrash@sbcglobal.net
bozemanmarcus@sbcglobal.net

Phillip Duncan                             Shawn M. Raiter
Richard Quintus                            Larson • King, LLP
Duncan Firm, P.A.                          2800 Wells Fargo Place
900 S. Shackleford, Suite 725              30 East Seventh Street
Little Rock, AR 72211                      St. Paul, MN 55101

Telephone: (501) 228-7600
phillip@duncanfirm.com
richard@duncanfirm.com

Gerard V. Mantese
Mantese Honigman Rossman &
Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
Facsimile:   (248) 457-9201
gmantese@manteselaw.com

Telephone: (651) 312-6500
sraiter@larsonking.com

*Attorneys for Plaintiffs and the Putative Class*