IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE TITANIUM DIOXIDE ANTITRUST         *
LITIGATION                                *
                                          *
*   *   *   *   *   *   *   *             CIVIL ACTION NO.: RDB-10-0318
                                          *
THIS DOCUMENT RELATES TO:                 *
ALL ACTIONS                               *
                                          *
*   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM ORDER

Presently pending is the Motion to Intervene and for Reconsideration (ECF No. 539) ("Motion") filed in this matter by the plaintiffs in the case styled *Los Gatos Mercantile, Inc., et al. v. E.I. du Pont de Nemours and Company, et al.*, No. C-13-01180, in the United States District Court for the Northern District of California (the "Indirect Purchaser Plaintiffs"). Having considered the pleadings and other papers filed in these actions, including the Stipulated Protective Order (ECF No. 198), and this Court's August 27, 2013 Order Granting Motion for a Protective Order Preventing Production of Plaintiffs' Confidential Discovery Materials and Work Product (ECF No. 512), the Indirect Purchaser Plaintiffs' Motion to Intervene is DENIED.

The Indirect Purchaser Plaintiffs previously requested documents from the Defendants, including confidential discovery materials and attorney work product produced by the Plaintiffs in this case (the "Direct Purchaser Plaintiffs"). The Defendants, pursuant to the Stipulated Protective Order (ECF No. 198) gave notice to the Direct Purchaser Plaintiffs of their intention to produce the requested documents absent objection. The Direct Purchaser Plaintiffs did object and filed an Emergency Motion for Protective Order

Preventing Production of Confidential Discovery Materials and Work Product and Stay Pending Resolution (ECF No. 503), which this Court granted on August 27, 2013 (ECF No. 512). This Court ordered that the Defendants were not to produce any materials challenged under the Stipulated Protective Order by the Direct Purchaser Plaintiffs. As this case was on the eve of a scheduled month-long jury trial, this Court's Protective Order of August 27, 2013 was entered without prejudice to either side to address its reconsideration no less than sixty days from its entry. While this case is pending this Court's approval of a settlement agreement, the Indirect Purchaser Plaintiffs filed the instant Motion to Intervene and for Reconsideration on September 30, 2013.

In the instant Motion, the Indirect Purchaser Plaintiffs request to intervene in this case for the purpose of moving this Court to vacate the August 27, 2013 Protective Order and to modify the September 21, 2011 Stipulated Protective Order to allow production of the requested materials. Alternatively, the Indirect Purchaser Plaintiffs request the unsealing of the following documents:

- Memorandum in Support of the Motion for Class Certification and Appointment of Class Counsel (ECF No. 247), and response in opposition thereto (ECF No. 293), reply (ECF No. 306), and all accompanying exhibits;
- Memorandum in Support of Defendants' Motion to Amend the Class Definition (ECF No. 352), the response in opposition thereto (ECF No. 360), the reply (ECF No. 362), and all accompanying exhibits;
- Memorandum in Support of Defendants' Joint Motion to Exclude Expert Testimony (ECF No. 410), the response thereto (ECF No. 413), the reply (ECF No. 415), and all accompanying exhibits;
- Memorandum in Support of Defendants' Motion to Compel Arbitration Motion (ECF No. 423-428, 485), the response thereto (ECF No. 497), and all accompanying exhibits;
- Memoranda in Support of Defendants' Motions for Summary Judgment (ECF No. 430, 433-36, 438, 440-41, 443), the response in opposition thereto (ECF

> No. 451-52, 455), the reply (ECF No. 456-60), and all accompanying exhibits; and
> 
> - Plaintiffs' Motion *in Limine* (ECF No. 471), Defendants' Motions *in Limine* (ECF No. 473, 477-79), the responses in opposition thereto (ECF No. 487-94), and all accompanying exhibits.

ECF No. 539.

The Motion to Intervene and for Reconsideration is premature. In the August 27, 2013 Order, this Court instituted a sixty-day stay to ensure that the trial of this case could proceed without the interruption of document requests in a separate litigation. Although there was no trial, the case has not yet been resolved. Now that all Defendants have settled, the proceedings have been extended through at least the date of the final approval hearing on November 25, 2013, and the appeal period that follows.[1] The parties are actively engaged in the process of providing notice and moving for final approval pursuant to Rule 23. Moreover, if the settlements are not finally approved, the case will revert to the *status quo*, which was the very eve of trial. Thus, in its discretion under Rule 24(b), this Court concludes that the same reasons for entering the Protective Order on August 27, 2013 exist now to warrant the denial of the Indirect Purchaser Plaintiffs' requests to intervene, vacate and/or modify the protective orders currently in place, and unseal documents. The ultimate resolution of the requests of the Indirect Purchaser Plaintiffs must await the closure of this case.

As stated in this Court's August 27, 2013 Order, the Defendants are not precluded from producing their own proprietary documents, analyses, or work product to the Indirect Purchaser Plaintiffs.

---

[1] An appeal of the final approval order may be filed within thirty days of the entry of judgment. 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1)(A).

For those reasons, IT IS HEREBY ORDERED this 6th day of November, 2013 that:

(1) The Indirect Purchaser Plaintiffs' Motion to Intervene and for Reconsideration (ECF No. 539) is DENIED without prejudice to either side to address its reconsideration after the final approval hearing and the appeal period that follows.

(2) The Clerk of the Court transmit copies of this Memorandum Order to the parties.

/s/
Richard D. Bennett
United States District Judge