UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN RE: TITANIUM DIOXIDE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | Master Docket No. 10–CV–00318(RDB) |

### ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF SERVICE AWARDS TO THE CLASS REPRESENTATIVES

The Court has considered Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and for Service Awards to the Class Representatives (ECF No. 546), including all materials filed in support thereof (collectively, "Fee Motion"), as well as Plaintiffs' Motion for Final Approval of Class Action Settlements with Defendants E. I. du Pont de Nemours and Company ("DuPont"), Cristal USA, Inc., formerly known as Millennium Inorganic Chemicals, Inc. ("Cristal"), Kronos Worldwide, Inc. ("Kronos"), and Huntsman International LLC ("Huntsman") (ECF No. 545), and the Settlement Agreements between Plaintiffs and DuPont (ECF No. 496-3), Cristal (ECF No. 530-1), Kronos (ECF No. 530-2) and Huntsman (ECF No. 480-3); and the Court has held a duly noticed Final Approval Hearing on November 25, 2013, at which the Fee Motion was considered by the Court.

For good cause shown, and for the reasons set forth in detail on the record by this Court at the Final Approval Hearing, and after consideration of the factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) and in *Singleton v. Domino's Pizza,*

*LLC*, ___ F. Supp. 2d ___ , 2013 WL 5506027, at *10 (D. Md. Oct. 2, 2013), and having received no objections to the requests for attorneys' fees, reimbursement of expenses, and payment of service awards to the Class Representatives, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court finds that due and adequate notice was given to the Class of the requests by Class Counsel for an award of attorneys' fees, reimbursement of expenses, and for service awards to the Class Representatives; that the form and content of the notices and the publication, mailing, and distribution thereof satisfy the requirements of both Rule 23(e) of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances; and that no objections to the requests for an award of attorneys' fees, reimbursement of expenses, and for service awards were received;

2. Class Counsel is hereby awarded thirty-three and one-third percent (33⅓ %) in reasonable attorneys' fees from the $163.5 million in Settlement Funds that have been or will be deposited in the Escrow Account at Union Bank, N.A. that has been established pursuant to the Settlement Agreements to receive the funds by DuPont, Cristal, Kronos and Huntsman (specifically, $54,500,000); Class Counsel are also authorized to allocate to other Plaintiffs' counsel the fees awarded herein, taking into account their relative contributions to this litigation;

3. Class Counsel shall be paid $4,569,271.86 from the Settlement Funds as reimbursement for the costs and expenses incurred by Plaintiffs' counsel during the course of this litigation;

4. Class Representative Haley Paint Company shall be paid $125,000, and Class Representatives Isaac Industries Inc. and East Coast Colorants d/b/a Breen each shall be paid

$25,000, from the Settlement Funds as service awards for their respective contributions to this litigation;

5. After payment to Class Counsel of the award of attorneys' fees and the amount for reimbursement of costs and expenses, and the payment of service awards to the Class Representatives, and after the Claims Administrator concludes its processing and auditing of claims, Class Counsel shall file a Motion for Distribution of Settlement Funds for consideration by the Court, and the balance of the Settlement Funds shall be distributed in accordance with the Plan of Allocation to those claimants who submitted valid and timely claims, upon further order of the Court;

6. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order; (b) the enforcement of the Settlement Agreements; and (c) the distribution of the balance of the Settlement Funds.

Dated: December 13, 2013

_____
Richard D. Bennett
United States District Judge