UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

(**Northern Division**)

| | |
|---|---|
| IN RE TITANIUM DIOXIDE ANTITRUST LITIGATION | No. 10-CV-00318-RDB |
| This Document Relates To: All Actions | |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

In light of the final approval of all settlements and the entry of final judgment in this matter, Movants Los Gatos Mercantile, Inc. d/b/a Los Gatos Ace Hardware; Fred Swaim, Inc. d/b/a Quality Auto Parts; Ace Hardware of South Walton, Inc.; Lexington Home Center, LLC; R.F. Cole, Inc. d/b/a Brewers Paint Center; Cusimano Carstar, Inc.; and The Carpet Shoppe, Inc. ("Indirect Purchaser Plaintiffs" or IPPs) now ask this Court to reconsider its prior rulings barring IPPs' access to documents filed under seal in the above-captioned matter.[1] IPPs allege the same conspiracy that Plaintiffs Haley Paint Company; Isaac Industries, Inc.; and East Coast Colorants LLC ("Direct Purchaser Plaintiffs" or

---

[1] IPPs are the plaintiffs in *Los Gatos Mercantile, Inc., et al. v. E.I. DuPont de Nemours & Co., et al*, No. 3:13-cv-1180-WHO (hereinafter the "California Litigation"), a putative class action law suit pending in the Northern District of California. Jonathan Cuneo of Cuneo, Gilbert & LaDuca, LLP and Don Barrett of Barrett Law Group, P.A. were appointed Interim Co-Lead Counsel for IPPs and the putative class on October 18, 2013.

DPPs) alleged in the litigation before this Court and seek damages from the same manufacturers/producers of titanium dioxide who allegedly engaged in illegal anti-competitive conduct that has imposed economic harm on indirect purchasers of titanium dioxide in the United States.

On July 19, 2013, the Court in the California Litigation entered an order contemplating that Defendants E.I. DuPont de Nemours and Company; Huntsman International, LLC; Kronos Worldwide, Inc.; and Millennium Inorganic Chemicals, Inc. (now known as Cristal USA, Inc.) ("Defendants") produce "all pleadings, motions, exhibits, and reports filed under seal or in redacted form in the Direct Purchaser Case for which no producing plaintiff or third party has raised an objection and sought appropriate relief." *See* Ex. A, Order Regarding Production of Documents and Setting Case Management Conference. DPPs objected to this production and obtained a protective order from this Court prohibiting Defendants from producing the sealed documents. *See* Order Granting Motion for a Protective Order (D.E. 512 Aug. 27, 2013). When DPPs settled all of their claims with Defendants, IPPs again sought access to the sealed documents, but this Court denied their motion on the grounds that it had not yet granted final approval of the settlement and that the case therefore remained open and unresolved. *See* Memorandum Order at 3 (D.E. 551 Nov. 6, 2013).

## ARGUMENT

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Thus, this "[C]ourt's analysis is guided by Rule 60(b) but is not bound by its

strictures."

This Court specifically held that its ruling denying IPPs' prior motion was "without prejudice to either side to address its reconsideration after the final approval hearing and the appeal period that follows." *Mateti v. Activus Fin., LLC*, CIV.A. DKC 2008-0540, 2009 WL 3633339, *4 (D. Md. Oct. 27, 2009); Memorandum Order at 4 (D.E. 551 Nov. 6, 2013). On December 13, 2013, this Court granted final approval of all settlements and entered final judgment, and the deadline for filing a notice of appeal has now passed. *See* Order of Final Approval and Judgment (D.E. 555 Dec. 13, 2013); FED. R. APP. P. 4(a). Accordingly, Plaintiffs' now move this Court to (1) reconsider its previous orders granting DPPs' motion for protective order and denying IPPs' motion to intervene, (2) allow IPPs to intervene in this matter, and (3) modify the Stipulate Protective Order to permit IPPs' access to the protected materials filed by the parties in this litigation.

A.      **Under Rule 24(b), the Court Should Grant Indirect Purchaser Plaintiffs Leave to Intervene for the Limited Purpose of Seeking Modification to the Protective Order.**

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Courts routinely permit litigants in collateral actions to intervene for the limited purpose of seeking modification to a protective order, so they may gain access to protected discovery materials for use in the collateral litigation. *See*, *e.g.*, *Bryte v. Sunbeam Products, Inc.*, 118 Fed. Appx. 693 (4th Cir. 2004); *EEOC v. Nat'l Children's Ctr.* ("*EEOC*"), 146 F.3d. 1042, 1045 (D.C. Cir. 1998); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d. Cir. 1994); *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F. 2d 1424, 1427 (10th Cir. 1990), *cert. denied sub nom.*, *Am. Special Risk Ins. Co. v. Rome & Haas Co.,* 498

U.S. 1073 (1991); *Meyer Goldberg v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987); *In re: Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 317 (D. Conn. 2009); *Phillips v. Goodyear Tire & Rubber Co.,* 2007 WL 3245015, *2 (S.D. Cal. October 31, 2007); *In re: Linerboard Antitrust Litigation*, 333 F. Supp. 2d 333 (E.D. Pa 2004).

"The requirements for permissive intervention are: (1) an independent basis of subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *In re: Linerboard Antitrust Litigation*, 333 F. Supp. at 338-39. However, IPPs "need not demonstrate an independent basis of subject matter jurisdiction" because they are "not ask[ing] the district court to exercise jurisdiction over an additional claim on the merits." *Id*. at 339. Moreover, the remaining requirements are "interpreted flexibly when a non-party seeks intervention for the limited purpose of modifying a protective order," and IPPs easily satisfy both. *Id*.

### 1. Indirect Purchaser Plaintiffs' Motion is Timely.

The California Litigation is at an early stage, and the requested materials will advance the litigation. Final approval of DPPs' settlements with Defendants does not negate IPPs' timeliness as there is a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *Id*. (citing *Pansy*, 23 F.3d at 778). In any event, this Court specifically ordered IPPs not to file a motion for reconsideration until "after the final approval hearing and the appeal period that follows." Memorandum Order at 4. IPPs respectfully observed the Court's request, and the Court's rulings on DPPs' motion for protective order and IPPs' motion to intervene in this matter are now ripe for reconsideration by this Court.

### 2. The Indirect Purchaser Complaint Raises Common Issues of Law and Fact.

Indirect Purchaser Plaintiffs also satisfy the commonality requirement. "Courts have regularly held this requirement satisfied if the movant raises a common question in a suit in another jurisdiction." *In re: Linerboard Antitrust Litigation*, 333 F. Supp. 2d at 339 (citing *EEOC*, 146 F. 3d. at 1047). IPPs' Complaint alleges the same anti-competitive conspiracy that is at the heart of this action. They further seek similar relief as DPPs under the Sherman Act as well as state antitrust and consumer protection laws. Thus, this prong of Rule 24 is satisfied.

### 3. Intervention Will Not Prejudice Direct Purchaser Plaintiffs or Defendants or Delay this Litigation.

The mere grant of permissive intervention, by itself, will not cause any prejudice to DPPs or Defendants. DPPs have settled their claims, final approval has been granted, and the period for filing a notice of appeal has passed. Thus, there is no danger of delay or disruption to this case, and neither DPPs nor Defendants have any continuing interest in delaying IPPs access to the sealed documents. In addition, should intervention be granted, the parties are free to argue that modification of the protective order would be inappropriate. *See In re: EPDM*, 255 F.R.D. at 317 ("Because Stone Paradise has met the threshold criteria for a permissive intervention and the defendants have not shown that any undue delay or prejudice to the adjudication of their rights in the present case would result, Stone Paradise is permitted to intervene in this suit. Whether it will be permitted to modify the protective order, and to what extent, is a separate issue.").

IPPs have respectfully observed the timeline set forth by this Court, and the above-captioned matter is now fully resolved. As IPPs have explained, the California Litigation raises issues common to those that were at issue in the instant case. Accordingly, IPPs meet Rule 24's requirements for permissive intervention.

### B. Upon Intervention, The Court Should Grant Indirect Purchaser Plaintiffs Access To All Documents Filed Under Seal In This Matter.

The Federal Rules of Civil Procedure provide that they "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding," and Rule 26 allows litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 1, 26(b)(1).  As other courts have recognized, "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  "Sharing discovery materials may be particularly appropriate where multiple individual plaintiffs assert essentially the same alleged wrongs against a national manufacturer of a consumer product." *Deford v. Schmid Products Co., a Div. of Schmid Labs., Inc.*, 120 F.R.D. 648, 654 (D. Md. 1987).  Moreover, "[w]here reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted." *Foltz,* 331 F.3d at 1132.  Such is the case here, as a nearly identical protective order has been entered in the California Litigation.  *See* Ex. B, Stipulated Protective Order.

The protected materials sought by IPPs are relevant to the California Litigation, where IPPs allege the exact same anti-competitive conduct as DPPs and seek similar relief as DPPs under the Sherman Act as well as state antitrust and consumer protection laws.  The arguments made by DPPs and Defendants in their class certification, summary judgment, arbitration, and evidentiary motions (as well as the oppositions and replies) cover many of the same issues that will be raised in the California Litigation, including but not limited to whether there is evidence showing a conspiracy among

Defendants, whether the Northern District of California is the proper venue, whether Defendants may enforce any arbitration agreements signed by DPPs or other class members, and whether IPPs and Defendants may call certain experts and present certain evidence at trial. Denying IPPs access to these materials would (1) force them and the court in California to effectively "reinvent the wheel" in litigating this matter, (2) raise everyone's costs, and (3) give Defendants, who do have access to these materials, an unfair and prejudicial advantage over IPPs. These results would certainly frustrate the purposes of the Federal Rules of Civil Procedure and necessitate production of the sealed documents to IPPs.

## CONCLUSION

The documents filed under seal by DPPs and Defendants in this matter are highly relevant to the California Litigation. Production to IPPs will promote "the just, speedy, and inexpensive determination" of that matter and avoid unnecessary and duplicative proceedings therein. Moreover, as discussed above, the protective order entered in the California Litigation will protect the interests of all parties just as they are protected by the Stipulated Protective Order entered in this matter. Finally, the instant case is fully resolved, and there is no equitable reason for preventing disclosure to IPPs at this juncture. Accordingly, "all pleadings, motions, exhibits, and reports filed under seal or in redacted form" should be provided to all parties to the collateral California Litigation, and Indirect Purchaser Plaintiffs respectfully request, for the reasons stated herein, that the Court (1) reconsider its orders granting DPPs' motion for protective order and denying IPPs' motion to intervene (2) permit IPPs to intervene in this matter, and (3) modify the Stipulate Protective Order to permit IPPs' access to the protected materials filed by the parties in this litigation. Given the amount of time that has passed since the entry of the order regarding production in the California Litigation, IPPs further request that Defendants be ordered

to comply with the order in the California Litigation within five days of this Court granting IPPs' motion.

Dated: January 21, 2014                                Respectfully submitted,

                                                          CUNEO GILBERT & LADUCA LLP

                                                          */s/ Daniel Cohen*

| | |
|---|---|
| Ben F. Pierce Gore | Daniel Cohen |
| PRATT & ASSOCIATES | Jonathan W. Cuneo |
| 1871 The Alameda, Suite 425 | Joel Davidow |
| San Jose, California 95126 | Katherine Van Dyck |
| Telephone: (408) 369-0800 | 507 C Street, N.E. |
| Facsimile: (408) 369-0752 | Washington, DC 20002 |
| pgore@prattattorneys.com | Telephone: (202) 789-3960 |
| | Facsimile: (202) 789-1813 |
| Don Barrett | dcohen@cuneolaw.com |
| Barrett Law Group, P.A. | jonc@cuneolaw.com |
| P.O. Box 927 | joel@cuneolaw.com |
| 404 Court Square | kvandyck@cuneolaw.com |
| Lexington, MS 39095 | vicky@.com |
| Telephone: (662) 834-2488 | |
| dbarrett@barrettlawgroup.com | |
| | |
| Charles F. Barrett | Sandra Cuneo |
| Charles Barrett, P.C. | CUNEO, GILBERT & LADUCA, LLP |
| 6518 Highway 100, Suite 210 | 11620 Wilshire Boulevard, Suite 900 |
| Nashville, TN 37205 | Los Angeles, CA 90025 |
| Telephone: (615) 515-3393 | Telephone: (310) 582-5939 |
| Facsimile: (615) 515-3395 | Facsimile: (310) 582-5943 |
| Email: charles@cfbfirm.com | scuneo@cuneolaw.com |
| | |
| Thomas P. Thrash (admitted *pro hac vice*) | Dewitt Lovelace |
| Marcus N. Bozeman | Lovelace & Associates, P.A. |
| Thrash Law Firm, P.A. | 12870 US Hwy 98 West, Ste. 200 |
| 1101 Garland Street | Miramar Beach, FL 32550 |
| Little Rock, AR 72201 | Telephone: (850) 837-6020 |
| Telephone: (501) 374-1058 | dml@lovelacelaw.com |
| tomthrash@sbcglobal.net | |

bozemanmarcus@sbcglobal.net

| | |
|---|---|
| Phillip Duncan | Shawn M. Raiter |
| Richard Quintus | Larson • King, LLP |
| Duncan Firm, P.A. | 2800 Wells Fargo Place |
| 900 S. Shackleford, Suite 725 | 30 East Seventh Street |
| Little Rock, AR 72211 | St. Paul, MN 55101 |
| Telephone: (501) 228-7600 | Telephone: (651) 312-6500 |
| phillip@duncanfirm.com | sraiter@larsonking.com |
| richard@duncanfirm.com | |

Gerard V. Mantese
Mantese Honigman Rossman &
Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
Facsimile:  (248) 457-9201
gmantese@manteselaw.com                    *Attorneys for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 21, 2014, I electronically filed the foregoing **Memorandum in Support of Motion for Reconsideration** with the Clerk of the Court using the ECF system, which automatically sent a copy of the foregoing document to all registered participants.

*s/ Daniel Cohen*
Daniel Cohen