| | |
|---|---|
| Ben F. Pierce Gore (SBN 128515) | Robert Hallman (SBN 239949) |
| PRATT & ASSOCIATES | ARNOLD & PORTER LLP |
| 1871 The Alameda, Suite 425 | 3 Embarcadero Center, 7th Floor |
| San Jose, California 95126 | San Francisco, CA 94111-4024 |
| Telephone: (408) 369-0800 | Telephone: 415-471-3100 |
| Facsimile: (408) 369-0752 | Facsimile: 415-471-3400 |
| pgore@prattattorneys.com | robert.hallman@aporter.com |
| *Attorneys for Plaintiffs and the Putative Class* | *Attorneys for Defendant Millennium Inorganic Chemicals, Inc.* |

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| LOS GATOS MERCANTILE, INC., ET AL,<br><br>Plaintiffs<br>v.<br><br>E.I. DUPONT DE NEMOURS AND COMPANY, ET AL,<br><br>Defendants | No. 3:13-cv-01180-SI<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

**WHEREAS**, Los Gatos Mercantile, Inc. d/b/a Los Gatos Ace Hardware; Fred Swaim Inc. d/b/a Quality Auto Parts; Ace Hardware of South Walton, Inc.; Lexington Home Center, LLC; R.F. Cole, Inc. d/b/a Brewers Paint Center; Cusimano Carstar Collision, Inc.; and The Carpet Shoppe, Inc. on behalf of themselves and all others similarly situated, and Defendants E.I. du Pont de Nemours and Company; Huntsman International LLC; Kronos Worldwide, Inc.; and Millennium Inorganic Chemicals, Inc. are parties in the above-styled action (the "Action").

1  **WHEREAS**, the preparation for trial of the Action may require the discovery and use of documents and other information which constitute or contain commercial or technical trade secrets, or other confidential information the disclosure of which would be competitively harmful to the producing party;

**WHEREAS**, the parties anticipate that the Action will involve the production of a significant volume of documents among and between actual and potential competitors and their customers;

**WHEREAS**, a number of third parties will or may become the subject of document and deposition discovery in these actions;

**WHEREAS**, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal; and

**WHEREAS**, the parties and their counsel agree that their interests, the interests of the customers of the corporate parties and of other third parties that may be requested to provide discovery, and the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment.

Accordingly it is hereby, **ORDERED**:

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 2
No. 3:13-cv-01180-SI

1. <u>Use of Discovery Materials</u>.  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits (hereinafter "Discovery Material") shall be subject to this Order, including, without limitation, its provisions concerning Confidential Information, as set forth below.  Discovery Material designated as Confidential Information under this Order shall be used solely for purposes of the Action in accordance with this Order, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media.

2. <u>Confidential Information</u>.  "Confidential Information" shall mean information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including sensitive personal information, trade secret or other confidential research, development, or commercial information.

3. <u>Designation of Discovery Materials as Confidential Information.</u>

a)  The designation of Discovery Material as Confidential Information shall be made by placing or affixing on the document, in a manner which shall not interfere with its legibility, the notation "CONFIDENTIAL."  Discovery Material bearing the notation "CONFIDENTIAL – 1:10-cv-00318-RDB" produced in the related action currently pending in the United States District Court for the District of Maryland, Master Docket No. 1:10-cv-00318-RDB (the "Related Maryland Action") are deemed notated as "CONFIDENTIAL" for the purposes of this order.  By agreeing to this Order, no party waives the right to challenge any other party's designation.  Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a producing party that it is producing Discovery Material as Confidential Information shall suffice.  Solely for the purposes

of the efficient and timely production of documents, and to avoid the need for a detailed and expensive confidentiality examination of documents the disclosure of which is not likely to become an issue, a producing party may initially designate as Confidential Information any Discovery Material that is not publicly available. This designation shall control unless and until a challenge is made by a receiving party under Paragraph 6.

b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcripts. Any testimony which describes a document which has been designated as Confidential Information as described above shall also be deemed to be designated as Confidential Information.

c) If it comes to a party's attention that information or items that it designated as Confidential Information under this Order do not qualify for that protection, that party must promptly notify all parties that it is withdrawing the mistaken designation.

d) The parties and counsel for the parties in this Action shall not disclose or permit the disclosure of Confidential Information under this Order to any person or entity, except that, solely for purposes of this Action, disclosures may be made in the following circumstances:

    i. Disclosure may be made to outside counsel and employees of outside counsel for the parties who have direct functional responsibility for the preparation and trial of the Action.

    ii. Disclosure may be made to the Court and its personnel.

    iii. Disclosure may be made to Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary. Prior to disclosure to any

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 4
No. 3:13-cv-01180-SI

such court reporter, staff, or professional vendor, such person must agree to be bound by the terms of this Order.

  iv. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Action. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order by executing a copy of Exhibit A. Further, any expert receiving Confidential Information shall:

  (A) Maintain such Confidential Information in a manner calculated to prevent its public disclosure;

  (B) Return such Confidential Information to counsel for the party that retained such expert within ninety (90) days of the conclusion of the expert's assignment or retention, but in no event shall the expert retain documents beyond the period set out in Paragraph 9 herein;

  (C) Not disclose such Confidential Information to anyone, or use such Confidential Information, except as permitted by the Protective Order;

  (D) Submit to the jurisdiction of the Court for purposes of enforcing the Protective Order; and

  (E) Use such Confidential Information and the information contained therein solely for the purpose of rendering consulting services to a party to this Action, including providing testimony in this Action.

  v. Disclosure may be made to in-house litigation counsel.

  vi. Disclosure may be made to one employee of a party required in good faith to provide material assistance in the conduct of the litigation of the Action. Each

**[PROPOSED] STIPULATED PROTECTIVE ORDER**  5
No. 3:13-cv-01180-SI

party will provide advance notice to all parties of that employee's identity. If a producing party objects, the employee at issue may not view that producing party's Confidential Information, provided that the designating party may seek relief from the Court following a good faith meet and confer effort with the producing party to resolve the objection.

vii. Disclosure of documents containing Confidential Information may be made to the author, addressee, or recipient of the document, or any other person who would have had access to the information contained in the document by virtue of his/her employment, provided that if such person is not a party's current employee, officer or director, such person must agree to be bound by the terms of this Order by executing Exhibit A.

viii. Disclosure of a producing party's document may be made to (a) current employees of the producing party, and (b) former employees of that producing party, so long as the former employee is not a current employee of another party or a competitor, but may not be made to other persons, unless one or more of the foregoing paragraphs permit disclosure to the person. If such person is not the producing party's current employee, such person must agree to be bound by the terms of this Order by executing Exhibit A.

ix. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court, provided however that a party wishing to use Confidential Information of a Producing Party in the deposition of a witness who is not an

employee of the Producing Party and who is not otherwise copied on the Confidential Information shall give written or emailed notice to the Producing Party providing the Bates numbers of the Confidential Information that it intends to disclose at least three (3) business days ahead of the deposition so that the Producing Party may have the opportunity to object to the disclosure**.** Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order

  x. Disclosure may be made to any other person as the parties may agree to in writing or as the Court may order.

 e) Except as provided in subparagraph 3(d) above, counsel for the parties shall keep all Discovery Material, including, without limitation, documents designated as Confidential Information under this Order, secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

 f) Discovery Material, including, without limitation, Confidential Information under this Order, shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for permitted uses in this Action. The protections conferred by this Order cover not only Discovery Material, including, without limitation, Confidential Information, but also any Information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof (hereinafter referred to collectively as "copies"), plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Discovery Material, including, without limitation, Confidential Information. However, reports of statistical experts that rely upon data that has been designated

as Confidential Information, but that do not reveal an individual party's data, are not deemed to contain Confidential Information if aggregated with two or more other parties' data. All copies of documents or information designated as Confidential under this Order or any portion thereof, shall be immediately affixed with the notation "CONFIDENTIAL - 1: lO-cv-00318-RDB" if that notation does not already appear.

4. <u>Confidential Information Filed with Court</u>. Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5, General Order 62, and the Court's Standing Order. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a party's request to file Confidential Information under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the party may file the Confidential Information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5. <u>Challenging Designation of Confidentiality</u>. Should a party wish to challenge a designation of Discovery Material as Confidential Information, the following procedure shall

**[PROPOSED] STIPULATED PROTECTIVE ORDER**   8
No. 3:13-cv-01180-SI

apply:

a) <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b) <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c) <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 9
No. 3:13-cv-01180-SI

under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable). If the challenge involves fewer than 50 documents, the motion shall be filed within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. If the challenge involves 50 documents or more, the motion shall be filed within 35 days or within 28 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 10
No. 3:13-cv-01180-SI

Case Case3:13-cv-01180-SI Document42 Filed06/18/13 Page11 of 18
Case 1:10-cv-00318-RDB Document 558-2 Filed 01/21/14 Page 11 of 18

With respect to Discovery Material the parties agree does not constitute Confidential Information, or which the Court orders not to be treated as Confidential Information, within ten (10) days of such agreement or order, the producing party shall produce a new version with the confidentiality notation redacted.

6. <u>Third Party Discovery</u>. To the extent that any party seeks discovery from a person or entity who is not a party to this Action, and in the event such third party or any of the parties hereto contend the Discovery Material sought from the third party by a requesting party involves Confidential Information, then such third party will agree to be bound by this Order and to produce documents in compliance with this Order, and to so notify all parties to this litigation in writing. In the event such third party agrees to be bound by this Order, then the provisions of this Order are to apply to that third party.

7. <u>Trial Materials</u>. Nothing contained herein shall prevent any party from using Confidential Information for a trial in this Action. The Parties agree to meet and confer prior to the filing of final exhibit lists to evaluate which of the proposed exhibits require confidential treatment for purposes of trial, if any. The confidentiality notation may be redacted by the producing party prior to trial for any use of the material at trial by any party. The parties further agree to meet and confer with any third party whose documents will or may be used at trial concerning their appropriate treatment and to afford such third parties sufficient advance notice of any such use such that they can move to have the materials received under seal. Should any material furnished by a third party and received under seal be the subject of a motion to unseal, the parties shall give sufficient notice to the third party so that it may oppose the motion.

8. <u>Return of Discovery Material at Conclusion of Litigation</u>. Within one hundred twenty (120) days of the conclusion of the Action, all material designated as Confidential

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 11
No. 3:13-cv-01180-SI

Information under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Discovery Material, including, without limitation, Confidential Information, remain subject to this Order.

9. <u>Non-waiver of Privilege for Inadvertently Disclosed Materials</u>. The Parties acknowledge the intent and desire to avoid inadvertent production of materials protected by the attorney-client privilege, work product protection and potentially other protections recognized under state, federal or international law (hereinafter "Protected Information"). Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any material that qualifies as Protected Information not waive the protection or the privilege for either that material or for the subject matter of that material.

10. <u>Return of Inadvertently Disclosed Protected Information</u>. Any Protected Information that the producing party deems to have been inadvertently disclosed shall be, upon written request, returned to the producing party within five (5) days. or destroyed, at that party's option. If the producing party demands that the inadvertently disclosed Protected Information also be destroyed from the original media in which it was produced, the producing party will provide duplicate media not containing the inadvertently disclosed Protected Information and a revised privilege log within seven (7) days of return or notice of destruction. If the claim that the material qualifies as Protected Information is disputed, the party disputing the assertion may maintain a single copy of the materials pending a judicial determination of the matter pursuant to

**[PROPOSED] STIPULATED PROTECTIVE ORDER** 12
No. 3:13-cv-01180-SI

Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

11. <u>Requests for Discovery Material, including, without limitation, Confidential Information, by Other Entities</u>. If another court, any U.S., state or foreign governmental agency, or any other non-party should request, subpoena, or order the production of Discovery Material, including, without limitation, Confidential Information, that has been produced by any party or third party and is subject to this Order, the party receiving such a request shall promptly notify the producing party. Should the producing party object to the release of Confidential Information, it may seek appropriate relief from the appropriate court or agency, and pending such a request, if necessary, seek the entry of an appropriate stay order, and the party receiving the request shall not disclose the material in dispute so long as it may lawfully refuse.

12. <u>Remedies for Non-Compliance</u>. The parties agree that any disclosure of Confidential Information contrary to the terms of this Order by a party or anyone acting on its, his or her behalf constitutes a violation of the Order remediable by this Court, regardless of where the Disclosure occurs.

13. <u>Application to Subsequent Parties</u>. Any subsequent party to the litigation will be bound by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 14, 2013   PRATT & ASSOCIATES

*/s/ Ben F. Pierce Gore*
Ben F. Pierce Gore (SBN 128515)
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 369-0800
pgore@prattattorneys.com

**[PROPOSED] STIPULATED PROTECTIVE ORDER**   13
No. 3:13-cv-01180-SI

|   |   |
|---|---|
| | CUNEO GILBERT & LADUCA LLP |
| | Sandra Cuneo (SBN 110388) |
| | Jonathan W. Cuneo (admitted *pro hac vice*) |
| | Joel Davidow (*pro hac vice* to be filed) |
| | Katherine Van Dyck (admitted *pro hac vice*) |
| | Victoria Romanenko (admitted *pro hac vice*) |
| | 507 C Street, N.E. |
| | Washington, DC 20002 |
| | Telephone: (202) 789-3960 |
| | scuneo@cuneolaw.com |
| | jonc@cuneolaw.com |
| | joel@cuneolaw.com |
| | kvandyck@cuneolaw.com |
| | vicky@cuneolaw.com |
| | |
| | *Attorneys for Plaintiff and the Putative Class* |
| Dated: June 14, 2013 | CRAVATH, SWAINE & MOORE LLP |
| | */s/ Evan R. Chesler* |
| | Evan R. Chesler |
| | Darin P. McAtee (*pro hac vice* pending) |
| | Timothy G. Cameron (admitted *pro hac vice*) |
| | Worldwide Plaza |
| | 825 8th Avenue |
| | New York, NY 10019-7475 |
| | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |
| | echesler@cravath.com |
| | dmcatee@cravath.com |
| | tcameron@cravath.com |
| | |
| | CROWELL & MORING LLP |
| | Beatrice B. Nguyen (CSB No. 172961) |
| | bbnguyen@crowell.com |
| | 275 Battery Street, 23rd Floor |
| | San Francisco, CA 9411 |
| | Telephone: (415) 365-7815 |
| | Facsimile: (415) 986-2827 |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**     14
No. 3:13-cv-01180-SI

| | |
|---|---|
| 1 | Shari Ross Lahlou (*pro hac* to be filed) |
| 2 | 1001 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20004-2595 |
| 3 | Telephone: (202) 624-2500 |
| | Facsimile: (202) 628-5116 |
| 4 | slahlou@crowell.com |
| 5 | *Attorneys for Defendant E.I. du Pont de* |
| 6 | *Nemours and Company* |
| 7 | Dated: June 14, 2013  ARNOLD & PORTER LLP |
| 8 | */s/ Robert Hallman* |
| | Robert Hallman (SBN 239949) |
| 9 | 3 Embarcadero Center, 7th Floor |
| | San Francisco, CA 94111-4024 |
| 10 | Telephone: 415-471-3100 |
| 11 | Facsimile: 415-471-3400 |
| | robert.hallman@aporter.com |
| 12 | |
| 13 | James L. Cooper (admitted *pro hac vice*) |
| | 555 12th Street, NW |
| 14 | Washington, DC 20004 |
| | Telephone: 202-942-5014 |
| 15 | Facsimile: 202-942-5999 |
| | James.Cooper@aporter.com |
| 16 | |
| 17 | *Attorneys for Defendant Millennium* |
| | *Inorganic Chemicals, Inc.* |
| 18 | |
| 19 | Dated: June 14, 2013  VINSON & ELKINS LLP |
| 20 | */s/ Matthew J. Jacobs* |
| | Matthew J. Jacobs (SBN 171149) |
| 21 | 525 Market Street, Suite 2750 |
| 22 | San Francisco, CA 94105-2763 |
| | Telephone: 415.979.6900 |
| 23 | Facsimile: 415.651.8786 |
| | mjacobs@velaw.com |
| 24 | |
| 25 | James A. Reeder, Jr (admitted *pro hac vice*) |
| | First City Tower |
| 26 | 1001 Fannin Street, Suite 2500 |
| | Houston, Texas 77002-6760 |
| 27 | |
| 28 | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**  15
No. 3:13-cv-01180-SI

```
                                    Telephone: (713) 758-2222
                                    Facsimile: (713) 758-2346.
                                    jreeder@velaw.com


                                    *Attorneys for Defendant Huntsman
                                    International LLC*

Dated: June 14, 2013                LOCKE LORD LLP

                                    */s/ Paul E. Coggins*
                                    Paul E. Coggins (admitted *pro hac vice*)
                                    Kelly R. Vickers (admitted *pro hac vice*)
                                    2200 Ross Avenue, Suite 2200
                                    Dallas, Texas 75201
                                    Telephone: (214) 740-8000
                                    Facsimile: (214) 740-8800
                                    pcoggins@lockelord.com
                                    kvickers@lockelord.com

                                    *Attorneys for Defendant Kronos Worldwide
                                    Inc.*
```

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 6/17/13                       /s/ Susan Illston
                                     Hon. Susan Illston
                                     United States District Judge

**[PROPOSED] STIPULATED PROTECTIVE ORDER**                                    16
No. 3:13-cv-01180-SI

# EXHIBIT A

## CERTIFICATION AND CONFIDENTIALITY AGREEMENT

I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Los Gatos Mercantile, Inc. et al., v. E.I. DuPont de Nemours and Company, et al.*, No. 13-cv-01180 (SI). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" in a manner consistent with this Order, and that all such copies are to be returned or destroyed as specified in this Order on the termination of this litigation or the completion of my duties in connection with this litigation.

_____  _____
Date                                  Signature

_____  _____
City and State where sworn and signed  Printed Name

                                      _____
                                      Address

                                      _____
                                      Phone Number

**[PROPOSED] STIPULATED PROTECTIVE ORDER**                              17
No. 3:13-cv-01180-SI

## ATTESTATION

In compliance with Local Rule 5-1(i)(3), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories thereto.

　　　　　　　　　　　　　*/s/ Pierce Gore*
　　　　　　　　　　　　　BEN F. PIERCE GORE

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on June 12, 2013 on counsel of record in compliance with Federal Rule 5, Local Rule 5-6, by use of the Court's ECF system.

　　　　　　　　　　　　　*/s/ Pierce Gore*
　　　　　　　　　　　　　BEN F. PIERCE GORE