FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

2014 SEP -2 P 12: 38

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| IN RE: TITANIUM DIOXIDE ANTITRUST LITIGATION | Master Docket No. 10–CV–00318 (RDB) |
|---|---|
| THIS DOCUMENT RELATES TO: All Actions | |

**[PROPOSED] ORDER AUTHORIZING
FINAL DISTRIBUTION OF SETTLEMENT FUNDS**

For good cause appearing, it is hereby **ORDERED AND DECREED** as follows:

1. The motion of Plaintiffs Haley Paint Company, Isaac Industries, Inc., and East Coast Colorants, LLC d/b/a Breen Color Concentrates (collectively, "Plaintiffs"), for an Order Authorizing Final Distribution of Settlement Funds, specifically, the net settlement funds from the approved Settlements with defendants Huntsman International, LLC ("Huntsman"), E. I. du Pont de Nemours and Company ("DuPont"), Cristal USA, Inc., formerly doing business as Millennium Inorganic Chemicals, Inc. ("Cristal"), and Kronos Worldwide, Inc. ("Kronos") (collectively, "Defendants") is hereby GRANTED.

2. In this action, the Court has granted final approval of the settlements between the plaintiff class (the "Class") and Defendants, and the time for appeal has expired. *See* Order of Final Approval and Judgment (ECF No. 555, December 13, 2013). In that order, the Court expressly retained exclusive and continuing jurisdiction for the purpose of entering orders regarding distribution of the settlement funds. *Id.*, ¶14.

3. According to the Declaration of Ross Murray in Support of Motion for an Order Authorizing Final Distribution of Settlement Funds ("Murray Declaration"), the Court-appointed Claims Administrator has processed all claims submitted by class members and has verified that the claims were processed according to the terms of the Court-approved Settlement Agreements and the Plan of Allocation. The Court is further informed that no disputes exist between the Claims Administrator and any claimants, and that upon issuance of this order, the Claims Administrator is prepared to distribute the net settlement funds promptly to claimants.

4. The Order of Final Approval and Judgment (ECF No. 555, December 13, 2013) approved the Escrow Account at Union Bank, N.A., that had been established to receive (and has received) the settlement funds pursuant to the terms of the Settlement Agreements, as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B (26 U.S.C. § 468B) and the Treasury Regulations promulgated thereunder. Union Bank, N.A. is hereby directed to transfer the settlement funds (inclusive of all interest earned thereon) to an account set-up by the Claims Administrator (Gilardi & Co. LLC) for the purpose of distributing the net settlement funds ("distribution account").

5. According to the Murray Declaration, after accounting for and setting-aside estimated tax preparation expenses and previously incurred, and estimated future, administration costs, including the estimated costs to distribute the settlement funds, the amount to be distributed to approved claimants by the Claims Administrator from the distribution account after the issuance of this order is approximately $104,014,824.06 ("Net Settlement Funds").

6. The amount set forth in the Murray Declaration for the payment of estimated tax preparation expenses and previously incurred, and estimated future, administration costs may be

set-aside and disbursed from the distribution account by the Claims Administrator in payment to the Claims Administrator or as otherwise directed and approved by Co-lead Class Counsel.

7. The Net Settlement Funds shall be distributed to approved claimants from the distribution account by the Claims Administrator on a *pro rata* basis pursuant to the Court-approved Plan of Allocation. The Claims Administrator shall require approved claimants to endorse their settlement checks within 180 days from the distribution of the Net Settlement Funds.

8. If any funds still remain in the distribution account after this 180-day period (*e.g.*, as a result of uncashed checks, accumulated interest, or tax-related or administration costs not incurred), pursuant to the terms of the Settlement Agreements between Plaintiffs and DuPont (¶24) and Plaintiffs and Kronos (¶25), DuPont and Kronos are entitled to receive a portion of such residual funds, *i.e.*, a "Reversion Amount" under the terms of those agreements. By this Order, the "Reversion Amount" shall be equivalent to the percentage that each of these defendant's gross settlement payments represents out of the combined, gross settlement amount ($163.5 million) paid by the four defendants. Specifically, DuPont, which settled for $72 million, shall receive 44% of the residual funds as a Reversion Amount, and Kronos, which settled for $35 million, shall receive 21.4% of the residual funds as a Reversion Amount. The Reversion Amounts shall be paid to DuPont and Kronos within ten (10) days of their determination by the Claims Administrator pursuant to the terms of the Settlement Agreements.

9. Co-lead Class Counsel has recommended that any balance of the residual funds remaining in the distribution account after reversion payments are made to DuPont and Kronos be distributed by the Claims Administrator to the Maryland Bar Foundation. By this Order, the Claims Administrator is authorized to make such a distribution.

10.     After such residual funds, if any, are distributed to the Maryland Bar Foundation, or after the distribution account is otherwise depleted, the Claims Administrator is authorized to discard all claim files and other records relating to the administration and distribution of all settlement funds in this action after a period of one (1) year has passed from the distribution date.

IT IS SO ORDERED.

This 2nd day of September, 2014.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE